### Garcie *vs.* Sheldon and others.

It is irregular to grant affirmative relief to a party opposing a motion, upon matters appearing in the opposing papers, which the moving party has had no opportunity to answer.

An opposing party is sometimes allowed to amend a defect in his proceedings, without being put to a motion, on his part. But this is allowed only in cases where the court can see, from the nature of the case, that no valid objection can be made to the amendment in case a motion is specifically made for that purpose. *Per* Sill, J.

The justices of the supreme court possess the same powers at chambers, in equity cases, and can make the same orders there that the chancellor could make, out of term; unless restricted by the rules of the supreme court.

The rules of the late court of chancery, and of the supreme court, require a clause to be inserted in the condition of an injunction bond, consenting that the defendant's damages shall be summarily ascertained, upon a reference. And without such a clause in the injunction bond the court has no jurisdiction to direct a reference for that purpose.

Proceeding upon a reference is a waiver of all objections to the order of reference on the ground of irregularity; but not of the objection that the court had no jurisdiction to make the order. That objection may be raised at any time.

In Equity. An injunction was obtained on the filing of the bill in this cause. The plaintiff gave a bond, with the usual condition, except that the clause authorizing a reference to a master to ascertain the damages which might be occasioned by the issuing of the injunction, required by the 31st rule of the late court of chancery, was omitted. The plaintiff's bill was finally dismissed, and a motion was made by the defendants, before a justice of this court at chambers, for a reference to ascertain their damages. An order was made accordingly, on the 29th day of July, 1847, which was drawn up and entered with the clerk as an order of the court. A motion was made afterwards, by the plaintiff, at a special term of this court, to set aside the order, which was opposed on the ground, among others, that it had been partially executed, and much time spent and expense incurred on the reference. Upon this motion, the court, at special term, made an order reciting the one made at chambers, and then proceeding as follows: "And the court now decreeing that such order was unadvisedly granted

Garcie *v.* Sheldon.

under the present practice of the court, but it appearing that the parties interested in said order had fully acted under it by attending for a length of time, without objection, before the referee therein named, and that much testimony has been taken and great expense incurred on such reference, it is now ordered, the counsel for the respective parties having been heard, that the same order be now entered in said cause nunc pro tunc; and that said order and all proceedings which have been had under the same be of the same effect and validity as if the said order had been made in open court."

The case came here upon an order for a rehearing of the motion made at the special term.

*H. P. Hastings & Peter Y. Cutler*, for the plaintiff.  The first order was irregular.  The justice had no power to make it at chambers.  So the court, at the special term, decided, but granted the defendants affirmative relief upon facts stated in their opposing affidavits, which the plaintiff had no opportunity to controvert.  A party opposing a motion cannot have relief upon facts presented by him, which the other party has had no opportunity to contradict or explain.  The condition of the bond contained no provision for a reference.  The court, for this reason, had no power to make the order.

*A. L. Jordan*, for the defendant.  The rule of the late court of chancery did not contemplate the insertion of a provision for a reference, in the condition of the bond.  The rule intended merely to direct the manner in which the damages should be assessed upon a bond given to obtain an injunction.  The plaintiff, by coming into the court of chancery and obtaining its extraordinary process of injunction, submitted to its jurisdiction and consented to be governed by its rules.  This gave the court jurisdiction to make the order.  Ascertaining the defendants' damages occasioned by the injunction is an incident to the original suit, and is therefore under the control of the court.  By proceeding with the reference, the plaintiff waived all objections to the order of reference.

Garcie v. Sheldon.

*By the Court,* SILL, J. It is irregular to grant affirmative relief to a party opposing a motion, upon matters appearing in the opposing papers which the moving party has had no opportunity to answer. An opposing party is sometimes allowed to amend a defect in his proceedings without putting him to a motion on his part. But this is allowed only in cases when the court can see, from the nature of the case, that no valid objection can be made to the amendment, in case a motion is specifically made for that purpose. Had the original order been void for want of power to make it at chambers, we could not have sustained the order made at the special term, even though the power to make an order of reference then were conceded. The justices of this court possess the same powers at chambers, in equity cases, and can make the same orders there that the chancellor could make out of term, unless restricted by the rules of the present court. The court of chancery, and the equity side of this court is always open. And an interlocutory order, made by the chancellor at chambers, if drawn up and entered in the minutes by a clerk or register, as an order of the court, was not irregular. (6 *Paige,* 371.) The same practice is allowed on the equity side of this court, where it does not conflict with the 147th rule. This rule prohibits it, except in cases of emergency, and upon special leave obtained. Whether such emergency exists, is a question directed to the discretion of the justice to whom the application is made; and we think we are to assume from the fact that the order was made that the emergency was established to his satisfaction, and the leave obtained. The original order was not in our opinion irregular. If the practice had been incorrect, proceeding under the order without objection would have been a waiver of all matters of irregularity merely; and in either view of the case the decision at the special term should have been a simple denial of the motion. As this was the effect of the decision, the particular form and provisions of the rule did not prejudice the plaintiff; and they furnish no reason for reversing it. We have proceeded thus far upon the assumption that the court has power to order a reference to ascertain the defendants' dam-

Garcie *v.* Sheldon.

ages, by reason of granting the injunction in the present case. We are of the opinion, however, that the rules of the court of chancery, and of the present court, require a clause to be inserted in the condition of the bond itself, consenting that the damages shall be summarily ascertained upon a reference. Without inquiring what power is conferred by inserting the clause, clearly without it the court have no jurisdiction to direct such a proceeding. We are not aware that such practice has ever been pursued, or the right to it been claimed, when the clause was omitted. Had the object of the rule been such as the defendants' counsel contends, it would not change our views of the case ; for we deny the power of the court to substitute by rule a summary proceeding of its own in the place of the admitted common law remedy upon obligations of this description. The rights and liabilities of the parties under the bond are cognizable in courts of common law, and the plaintiff and his sureties are entitled to have them determined in, and according to the rules and practice of those courts.

The fact that the bond has grown out of a suit in equity makes no difference. It is the character of the obligation and the remedies claimed upon it, and not the circumstances out of which it originated, which must determine the question of jurisdiction and the court in which redress is to be sought.

It is difficult to perceive how the plaintiff forfeited his right to have this bond prosecuted in a court of law (if at all) by instituting the original suit in equity. He of course submitted to the jurisdiction of that court all questions arising directly in that suit. But it does not follow that jurisdiction was thereby acquired of all controversies that might grow indirectly out of it.

The objection that the plaintiff has proceeded upon the reference is well taken, so far as relates to questions of irregularity, but not as to the jurisdiction. This question may be raised at any time.

The order made at the special term must be reversed, and the motion granted, with $10 costs of the original motion, $10 costs of the motion for a rehearing, and $10 costs upon the rehearing.

The plaintiff asks for costs of the proceedings before the referee. We do not regard these as proceedings in the court, and disclaim all control over those costs.

