BRINK *et al.*, appellants, v. REPUBLIC FIRE INSURANCE COMPANY.

*Reference — when compulsory not authorized. Account. Jury trial — waiver of right to. Power of court on appeal.*

In an action upon a policy of insurance upon a single stock of goods, it appeared that such stock consisted of fifty-one items. *Held,* that the demand of the insured did not constitute an account such as to authorize a compulsory reference.

*Held,* also (BARRETT, J., *dissenting,*) that by appearing and proceeding to trial under a compulsory order of reference, the party not consenting to the order did not waive his right to a jury trial.

Plaintiff moved to vacate an order of reference upon the ground that the case had been finally submitted to the referee, and he had failed to make his report within the time limited by law. By the opposing affidavits and papers it appeared that the case had not been finally submitted and the motion was denied. Afterward plaintiff obtained an order to show cause why the same relief first applied for should not be granted. From an order denying plaintiff's second motion an appeal was taken. *Held* (BARRETT, J., *dissenting*), that the order of reference could be vacated upon the ground that the case was one in which a compulsory reference was not authorized. notwithstanding plaintiff did not make that a ground of his motion and had not appealed from the previous orders.

APPEAL from an order denying a motion to vacate an order of reference. Actions were brought separately against four fire insurance companies, namely, the Republic, Hanover, Germania and Niagara, each upon the same pleadings, papers, etc., excepting the names of the respective defendants, to recover $15,000 ($3,750 each), the face of a policy of insurance against fire for that amount, made by the underwriters' agency of the city of New York, composed and underwritten by each of the defendants, and upon which each is liable for $3,750, one-fourth thereof, made in favor of Brink & Estes, a firm composed of the plaintiffs, to cover their stock of goods in their store at Lexington, North Carolina.

The complaints allege that the plaintiffs suffered a loss by fire, exceeding the amount of the policy, and which was occasioned by the burning of the county court-house at Lexington, North Carolina, distant twelve yards from plaintiffs' store, the flames from which consumed plaintiffs' store and their stock of goods insured therein; that the same was without any fault or dereliction of plaintiffs; that due diligence was used to save the goods, and that due proofs of loss were furnished and payment demanded and refused.

The answer admits the making of policy; alleges over-valuation, false swearing, fraud, negligence and want of effort to save goods on plaintiffs' behalf; admits that defendants have paid no loss alleged to be due under said policy.

The actions were commenced in June, 1866. One of them — that against the Republic Fire Insurance Company — was brought to trial at circuit, March 22, 1870. Verdict for plaintiffs, March 25, 1870, $3,671.40.

An order for a new trial was granted March 25, 1870, on account of error in his charge by the justice presiding.

June 30, 1870, an order was made by Mr. Justice BARNARD, referring the cases to R. F. Andrews, Esq.

The case against the Republic Fire Insurance Company was tried before said referee during about thirty-five sessions. The case was summed up for defendants October 13, 1871; for plaintiffs October 18, 1871, since which time no further meeting has been held. Final papers were submitted November 6, 1871, to the referee. No report has been made by him.

August 20, 1872, plaintiffs served upon the defendants and referee notice of their election under section 273 of the Code to end the reference. A demand was made upon the referee by plaintiffs to return papers, and was not complied with.

A motion was made October 25, 1872, to vacate original order of reference of June, 1870, and to place causes on the calendar of this court for trial.

This motion was denied by order of Mr. Justice FANCHER, dated November 15, 1872, and filed December 20, 1872, from which plaintiffs appealed. Other material facts appear in the opinions.

*Charles H. Hatch,* for appellants.

*Cottrill Brothers,* for respondents.

DANIELS, J. These actions were brought upon four policies of insurance, to recover the amount of a loss sustained by fire within the terms of the policies. The loss resulted from the partial destruction of a single stock of goods, and the items composing it consisted of at least fifty-one in number. They all, however, arose out of one single event, and together constituted but a single demand. It was a loss by fire which the assured was entitled to

indemnity for, under the terms of the policies, and in no proper or legal sense constituted an account, as that term has been used in the statutes of this State, providing for compulsory reference. That term was simply designed to include actions involving the examination of accounts arising out of transactions of business or dealings between parties. The statute enacted before the Code was so construed, and the same terms precisely were used in the enactment of the Code. In construing the previous statute it was held that a great number of items of damage was not sufficient to render an action of covenant referable, as one involving a long account (*Thomas* v. *Reab*, 6 Wend. 503); that an action for a bill of goods containing fifty items, delivered at the same time, could not be referred against the objection of one of the parties, because altogether they constituted, in reality, but one item (*Swift* v. *Wells*, 2 How. 79), and the same rule was applied to an action on a bill of lading containing eleven items (*Flint* v. *Morehouse*, 2 How. 173), and to an account consisting of seven items under two different dates. *Smith* v. *Brown*, 3 How. 8. These cases are decided authorities against the power of the court to support the references ordered in the present actions, for they unite in holding that an entire demand arising out of a single occurrence or transaction is not a long account within the legal meaning of those terms, as they have been used in the statutes providing for the reference of actions without the consent of all the parties.

The only authority found supplying even colorable support to a different view is that of *Samble* v. *Merchants' Ins. Co.*, 1 Hall, 560, where a reference was ordered in an action on a policy of insurance, because the loss consisted of a large number of items. But the objection was not raised in that case that the action did not involve the examination of a long account. The reference was opposed simply on the ground that questions of law might arise which could not be disposed of by the referees; and that point was very properly overruled, for the reason that it appeared that the defendants only contested the extent of the loss incurred under the policy. The case, therefore, is not an authority sustaining the power of the court to order a compulsory reference in an action for a loss upon a policy of insurance. That point was in no way considered by the court.

On the other hand, the case of *Freeman* v. *Atlantic Mut. Ins. Co.*, 13 Abb. 124, which was decided by the general term of the first district, held in effect, that the power to order a compulsory refer-

ence in such an action did not exist. The loss there consisted of the value of thirty-seven items, shipped at different times within three days. And it was held that the trial of an action for its recovery would not present the case of a long account, as that phrase is used in the statute providing for the reference of issues of fact, on motion of only one of the parties. The case of *Levy* v. *Brooklyn Fire Ins. Co.*, 25 Wend. 687, supports the same conclusion. In that case the reference ordered at the circuit during the trial of the action was afterward vacated, on motion, by the special term.

For reasons already assigned, these actions could not be lawfully referred against the plaintiff's objection; for they were cases in which the right of trial by jury existed under the laws of the State, when the constitution of 1846 was made and adopted. That instrument, by section 2 of article 1, provided, that "the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever." Under this provision, the class of cases which could properly be referred against the objection of either of the parties was incapable of being enlarged after its adoption. The effect of it was to perpetuate that right in all cases in which it had been previously used. No power existed, after that, by which, without the consent of the parties, that right could be in any way abridged or denied; for this provision became the paramount law upon the subject. It secured to parties in legal actions a very important privilege, which it is the duty of courts of justice, at all times, to carefully guard and maintain.

The compulsory reference of any action within the protection of this constitutional provision is much more than a mere irregularity, which may be waived by submission to it, or which can only be corrected on appeal; for it involves an entire want of authority to give the case such a direction. Accordingly, what would prove sufficient to waive an irregularity would be without effect upon an order directing a reference without authority to make it. Proceeding under the order, with the trial of the action before the referee, would not, and should not, deprive the party unlawfully sent before such a tribunal of the objection that the order was made without authority; for such a proceeding is taken in subordination to the unauthorized order, and not for the purpose of accepting the direction given by it, or assenting to the surrender of the right to have the cause tried, as it should be, by a jury. It is necessarily of a submissive and somewhat compulsory character, taken in compliance

with the direction given in the order, having none of the elements from which the waiver of an important constitutional privilege could consistently be inferred. A mere irregularity in the proceedings would be waived by subsequently entering upon the trial. But an entire absence of authority cannot be supplied in that manner. If it could, the right of trial by jury would be secured by an exceedingly slight and uncertain tenure. Where there is an entire absence of authority to act, the party injuriously affected by the proceeding may take the objection to it at any time, so long as he has not actually or constructively relinquished his right to do so; and merely advancing in an unauthorized and uncompleted proceeding cannot properly be attended with that result. *Dudley* v. *Mayhew*, 3 N. Y. 9; *Stevens* v. *Phœnix Ins. Co.*, 41 id. 149.

In the present instance, the case made by the defendant's papers show that the trial before the referee has never been fully completed by the submission of the cause to him for his decision. But, on the other hand, further acts are shown to have been contemplated on the part of the plaintiffs before the cases are in readiness for a disposition of them by the referee. There is nothing to prevent the plaintiffs, therefore, from now insisting before him, that the unauthorized order conferred no power upon him of hearing the cases, and in the event of an adverse decision reviewing the point upon an appeal from the judgment. For such an objection may very well be taken before the consummation of the trial by a submission for the decision. No proceeding under the order has been completed with the plaintiffs' acquiescence by any fixed or final result; and nothing consequently, has transpired from which it can consistently be mentioned that they have lost their right to insist upon their actions being tried by jury; while the motions made to be relieved from the reference are in direct conflict with the supposition that they have at any time been disposed to assent to the order depriving them of the right to such a mode of trial. And as long as no such assent can be presumed the right to a trial of that description must remain *Garcie* v. *Sheldon*, 3 Barb. 232.

The orders made on the preceding motions should not be attended with the effect of preventing the plaintiffs from still insisting that their actions should be tried by a jury. For they neither question nor deny that right. They simply deny the motions for relief from the reference, on the ground that the facts alleged in the moving papers were shown by the defendant to have no existence. No

consideration was given, and no attention directed to the circumstance that the reference was ordered in actions which the parties had the right to have tried by jury. But the motions were made on the sole ground that the referee had lost his power to decide by his failure to do that within the time for that purpose prescribed by the Code, which was found to be unsustained by the affidavits presented. For that reason the orders made on the decision of those motions do not now preclude the plaintiffs from availing themselves of their constitutional privilege of having their action tried by a jury, or render it the duty of the court to disregard that right as long as its existence has been made to appear by the affidavits produced on the part of the defendant by way of answer to the motion on which the order appealed from was made. While these affidavits showed that the plaintiffs were not entitled to be relieved, for the reasons on which they endeavored to maintain their motions, they at the same time established their right to the relief applied for by the facts disclosed, which rendered a reference of the actions altogether improper. This conclusion is maintained by the defendant's proofs, and as long as that is the case, no injury can be sustained by defendant by not requiring the plaintiffs to bring on their motion on that distinct ground. For it is apparent that the defendant could not properly contest the existence of the right which its own proofs disclose. There can be no propriety, therefore, in denying the relief the plaintiffs are thus shown to be entitled to, because it was not urged upon the attention of the court by whose direction the order was made.

The motion was a direct proceeding to vacate the reference, as it was in *Levy* v. *Brooklyn Fire Ins. Co.*, 25 Wend. 687, where Chief Justice NELSON, on motion, vacated the order because the case was one which the plaintiff had the right to have tried by jury. That is a direct authority in favor of the plaintiff's right to have the reference vacated in the mode pursued in the present instance — by motion at the special term. In ordinary cases a different rule of practice should be maintained. But where a want of power can be clearly shown, the inadvertent order may be properly corrected by a motion made to vacate it.

Omitting to urge the true reason in support of the motion was no waiver of it, so long as the defendant's papers plainly disclosed its existence. And the nature of the objection is such that it may be relied upon at any time, as long as it has not been actually, or con-

structively, extinguished, nor waived by any completed subsequent proceeding. The law has settled the mode in which that may be done ; but nothing of that nature has yet transpired in the present actions. For simply proceeding with an uncompleted hearing, under a compulsory order, cannot reasonably be attended with that result.

The order was one which affected a substantial right within § 349, sub. 3 of the Code; and for that reason it was appealable. *Townsend* v. *Hendricks*, 40 How. 143.

And, as the special term should have vacated the reference and allowed the actions to be tried at the circuit, where a trial was once had without the least embarrassment arising out of the number of the items, for the reason that such a trial was a matter of right of which the party could not, under the circumstances, be properly divested, the order denying the motion should be reversed, and an order entered restoring the actions to the circuit calendar for trial. · But, as the point on which this disposition is made was not taken by counsel, it should be without costs, and on the condition that the plaintiffs stipulate that the evidence of witnesses now absent from the State and used before the referee shall be read on the trial at the circuit, with the same effect as though they were personally present, but subject to all other pertinent objections.

DAVIS, P. J., concurred.

BARRETT, J. (dissenting.) Agreeing that these were not referable cases, and that the references were consequently without authority, I am yet unable to concur in the result arrived at by my brethren.

1. In my judgment the remedy, and the only remedy, was an appeal from the order of reference. No such appeal was taken, but the plaintiffs went to trial before the referee without protest or objection, and proceeded so far that it has become a close question whether or no the case has been finally submitted.

2. Apart from the question of acquiescence, there are considerations of judicial comity involved. To illustrate: A party moves before one judge at special term for a reference. The motion is heard, and after, let us assume, a careful consideration of the facts and the law, it is granted. The next week the unsuccessful party, upon the same papers, moves the same special term, held by another judge, to vacate the order of the preceding week. Is it not

Brink v. Republic Fire Insurance Co.

plain that such a motion should be denied, and the party remitted to his appeal from the order complained of? Yet if the present order be reversed, it must be because we hold that the special term has erred in not reviewing and annulling the action of the previous special term, and that, too, upon a question not altogether free from doubt, and where the original error is established only after an elaborate discussion of the authorities and a careful analysis of the statute.

3. Another objection is that no motion to vacate the order of reference for the reasons assigned by my brother DANIELS has ever been made. This appears from the history of the motions which led to this appeal.

Before any motion was made the plaintiffs claimed that the cases had been finally submitted to the referee, and that he had neglected to decide them within the time limited by law. They therefore served notices of their election to terminate the reference, and a motion, based upon these alleged facts, was thereupon made simply for a recognition by the court of the termination of the reference, and that the causes be restored to the circuit calendar for trial. This motion, so far from attacking, was, in reality, based upon the validity of the original order of reference. It was denied by Mr. Justice LEONARD, and no appeal was taken from such denial. Subsequently, however, an order to show cause against substantially the same relief was obtained from Mr. Justice INGRAHAM, and in his order to show cause leave to renew was embodied. Before the return day of this order, Mr. Justice INGRAHAM vacated so much of it as granted leave to renew, that provision having been allowed inadvertently.

Thereupon the plaintiffs obtained an order to show cause why leave to renew should not be granted. The motion for leave to renew was heard at the same time as the motion based upon Mr. Justice INGRAHAM's order to show cause, and both motions were denied. The plaintiffs now appeal from the order denying the latter motion, but do not appeal from the order refusing leave to renew, and we are not asked upon the argument, nor are we asked in the briefs, nor is there any thing in the papers to show that the court at special term has ever been asked to consider the propriety of the original order of reference.

4. The question really before the court is, whether we should

affirm or reverse the order denying the motion which was based upon Mr. Justice INGRAHAM's order to show cause.

In my judgment, we should affirm this order, for the reason that it simply denied substantially the same relief which had already been denied by Mr. Justice LEONARD. Mr. Justice LEONARD's order had not been appealed from, leave to renew the motion which he denied had been refused, and no appeal has been taken from such refusal.

So long as Mr. Justice LEONARD's order remains in full force and no leave to renew is obtained, a motion for the same relief cannot be entertained.

I am of opinion that the order appealed from should be affirmed.

*Orders reversed, etc.*