## UNION PACIFIC RAILROAD COMPANY *v.* WILSON.

REFEREE.—Under the provisions of the statutes of Wyoming, the court may order a reference in a case the trial of which involves the examination of a long account.

IDEM.—But where the report of a referee is not responsive to the issues, the case should be sent back for trial to a new referee, or to a jury, and not to the first referee.

ERROR to the Second District Court for Albany County.

A sufficient statement of the case is contained in the opinion of the court.

*W. W. Corlett,* for the plaintiff in error, contended that the report of the referee was irregular, uncertain, irresponsive to the issues, and unsupported by the evidence, and that the district court erred in referring the case back to the same referee and in ordering judgment upon the final

report, and cited: 1 Abb. Prac. 187,262; *Gregory* v. *Wright,* 11 Abbott, 417; *Allen* v. *Patterson,* 7 N. Y. 476; Nash Pl. 10, 16; *Garcia* v. *Sheldon,* 3 Barb. 232; *Bank of Washington* v. *Triplett,* 7 Curt. 433; *City of Buffalo* v. *Holloway,* 7 N. Y. 493; Cooley's Const. Lim. 365; 2 Am. Rep. 100; 13 Id. 55; 5 Metcalf, 400; 29 Penn. St. 262; 11 Mann, 396; 35 Wis. 131; 7 Ohio, 2.

*J. W. Kingman,* for defendant in error.

This is an action of assumpsit, founded on a balance of account for work and labor and materials provided by the plaintiff for the defendant. On the application of the defendant, a copy of the plaintiff's ledger account was made a part of the petition. From that it appears that the plaintiff's charges amount to thirteen thousand three hundred and eighty-four dollars and fifty-one cents, and his credits amount to twelve thousand one hundred and forty-eight dollars and ninety-eight cents, leaving a balance due him, on the thirtieth day of August, 1870, of one thousand two hundred and thirty-five dollars and fifty-three cents. As the investigation of these large accounts would be laborious before a jury, the court ordered the case to a referee for a hearing. To this order the defendant made no objection and took no exception. The order was general, to wit, that the referee should "take the testimony in the case and report the same to the court, with his findings of fact thereon." The referee took all the testimony in writing, with all the exceptions and objections of the parties, and returned the same to the court, with a general finding in favor of plaintiff of one thousand one hundred and sixty-four dollars and twenty-three cents, with interest thereon from August 31, 1870, to date of judgment. The court confirmed this report, after a long and patient investigation, and ordered judgment thereon.

During the progress of the trial before the referee the defendant requested the referee to answer a long list of

questions, or report a large number of special findings, which the referee has attempted to do; but we deny the right of the referee to dictate any such questions, and we insist that a general finding for one party or the other is all that the referee could do, under the order in this case.

He was directed to report the testimony in this case and his finding as a verdict thereon, and he had no power to decide questions of law or report his views of the law to the court: Stat. of 1873, sec. 283. The whole matter would then be open to a review on the law and the evidence, in the district court, and a proper judgment rendered. We insist, therefore, that the general finding in this case can only be assailed on the same grounds, and for the same reasons, that a general verdict of a jury could be assailed, and that the bill of exceptions contains no valid objections to a general verdict on the pleadings.

By the Court, FISHER, C. J.: This was an action founded on several causes of action, to wit:

1. For work and labor, care and diligence of said plaintiff, now defendant in error, performed and bestowed about the business of said defendant, now plaintiff in error, at his request, as boarding-house keeper, and also for divers goods, wares and merchandise, and other necessary things, by said plaintiff found and provided, by said defendant's request.

2. Said plaintiff below claimed one thousand one hundred and twenty-five dollars, for wages or salary for services performed as clerk for defendant, now plaintiff in error. On the thirteenth of February, A. D. 1875, the defendant below filed his answer to plaintiff's petition, denying generally and specially the allegations of the said petition, and for a second defense plead payment in full, and for a third defense pleads the bar of the statutes of limitations. On the said thirteenth of February, 1875, by agreement of parties, A. G. Swain was appointed referee, to take and report his findings of facts to the court. On the nineteenth of March, 1875, the referee reported to the court the evidence taken,

and his findings thereon, and the case came on to be heard on the defendant's (below) motion to set aside the report of the referee and grant a new trial. On the twenty-seventh of March, 1875, said motion was sustained, and it was further ordered by the court that the cause be referred back to the said referee, A. G. Swain, to report the facts in the case, with all the evidence, and that he report, definitely and superficially, all the issues involved in the case.

The defendant below then and there objected and excepted to that portion of order of the court referring the cause back to A. G. Swain for a new trial. The said referee having once tried the cause, and having formed and expressed opinions therein, was an improper person for referee upon a second trial. Upon this objection and exception the counsel for defendant below cites: Seney's Code, sec. 282; *Maxwell* v. *Stewart*, 21 Wallace, 71; *Johnson* v. *Wallace*, 7 Ohio (part 2), 62; Nash on Plead. and Prac. 1016; *Garcia* v. *Sheldon*, 3 Barb. 232; Nash on Plead. and Prac. 1021–1023.

On the twenty-sixth of April, 1875, the said referee filed a second report, and the defendant moved to set it aside and for a new trial. The court, therefore, ordered the case back to A. G. Swain, the referee heretofore appointed in the case. On the twenty-second of May, 1875, the said referee having made out and filed a third report in the case, the defendant moved, for various reasons, to vacate the third report and grant a new trial. On the twenty-sixth of May the court overruled said motion, and the third report was in all things affirmed, to which defendant excepted. On the twenty-eighth of June, 1875, judgment was rendered by the court for defendant in error, and against plaintiff in error, for one thousand eight hundred and thirty-eight dollars and eighty-six cents, the amount found due by the referee, and two hundred and sixteen dollars and ten cents costs of suit.

The exceptions taken to the action of the court in sending this case to a referee three different times, might be of sufficient importance to remand this case for a new trial, if the

fact did not appear that it was in the first place referred by the consent of the parties, and that the second and third reference was merely done by the court for the correction of errors.    But every reference only seemed to increase errors on the part of the referee.    And the error of the court consisted in permitting the third report of the referee to be filed and judgment entered on it.    Without, therefore, going over the many errors pointed out in the brief of the counsel for the plaintiff in error, none of which is attempted to be met by the counsel for the defendant in error, we think it sufficient to say that the case ought to be sent back for trial, either by a jury, the court, or a referee who will render findings responsive to the issues involved in the case, which surely has not been done by the referee who has put his findings on record in this cause.

Judgment reversed and trial *de novo* awarded.