CYRUS LAWTON, APPELLANT, *v.* JAMES GREEN, RESPONDENT.

5h    157
84 AD³ 50

*Injunction — order of reference — when objection to, can be raised only on appeal from it — Court of equity — power to award damages when injunction has been improperly allowed — Undertaking — Action for malicious prosecution.*

Where an order of reference is made to ascertain the damages sustained by defendant by reason of the issuing of an injunction, the question whether such order was properly made before the entry of final judgment in the action in which the injunction issued, can only be raised on an appeal from the order of reference itself.

The authority of a court of equity to award damages to the defendant in an action before it, in consequence of damages which he may have sustained by reason of the issuing of an injunction in such action, rests wholly upon the provisions of the Code of Procedure; and the amount to be recovered on the undertaking given upon the granting of the injunction order, is limited to the sum specified in the undertaking.

*It seems,* that a defendant who has been restrained by injunction and sustained damages thereby, may maintain an action for indemnity in the nature of an action on the case for a malicious prosecution, but such action will be decided under the rules applicable to such latter action.

APPEAL from an order of the Special Term, confirming the referee's report of the damages sustained by defendant by reason of the issuing of an injunction, subsequently vacated in this action.

The order of reference, without referring to the bond given to the defendant by the plaintiff, with one surety, when the injunction was granted, simply directed " that it be referred to John Fowler, Jr., Esq., of the county of Westchester, counselor at law, to ascertain and report to this court, what damages the defendant has sustained by reason of said injunction, and report the same without delay."

*N. D. Lawton,* for the appellant.  No assessment of damages is proper, and no recovery can be had herein until it shall affirmatively appear that there is a judgment in the action, by which it shall appear that the plaintiff was not entitled to the injunction as granted.  (2 R. S., 360; *Wickes* v. *Southwickes,* 12 How. Pr., 170; *Leavitt* v. *Dabney,* 9 Abb. Pr. [N. S.], 373, 384; *Sherman* v. *N. Y. Mills Co.,* 11 How. Pr., 269; *Methodist Churches* v. *Barker,* 18 N. Y., 465; Hoff. on Ref. [ed. 1875], 134; 3 R. S. [5th ed.], 638, § 10.)  This report simply states an amount as ascertained and determined, and does not inform this court, to whom the report is made, of what said sum is made up, so as to enable the court to see whether the same is just and proper, and according to the law and the facts as developed on said reference.  (*Johnston* v. *Reardon,* 1 Molloy's Ch., 54; Edw. on Ref., 73.)  There was no inherent power in the Court of Chancery to award to a defendant damages by reason of an injunction, and prior to the adoption of rule 31 of that court, it had no such power.  Rule 31 of the Court of Chancery was adopted, recognizing such to be the law, for the express purpose of giving to a defendant a means of recovering from the plaintiff his damages by reason of an injunction improvidently granted.  (*Cayuga Bridge Co.* v. *Magee,* 2 Paige, 116, see opinion of Chancellor WALWORTH, page 122; affirmed, 6 Wend., 85; *Leavitt* v. *Dabney,* 40 How. Pr., 277, 280–284; S. C., 9 Abb. [N. S.], 373, 378–383; *Garcie* v. *Sheldon,* 3 Barb., 232.)  Section 222 of the Code took the place of such rule of chancery, and independent of that section, this court has no greater or other power than the Court of Chancery had, independent of such rule of chancery, and this court has the same powers under such section that said Court of Chancery had under such rule.  (*Leavitt* v. *Dabney,* 40 How. Pr., 286; S. C., 9 Abb. [N. S.], 383; *Garcie* v. *Sheldon,* 3 Barb., 232, 235.)  The undertaking, with the stipulation therein con-

tained under such section of the Code, is, therefore, the only authority or foundation for the assessment of damages against the plaintiff or his sureties by this proceeding. (*Garcie* v. *Sheldon*, 3 Barb., 232–235 ; *Leavitt* v. *Dabney*, 40 How. Pr., 287 ; S. C., 9 Abb. [N. S.], 373, 383, 384 ; *Patterson* v. *Bloomer*, 9 Abb. Pr. [N. S.], 27, 34.) As the undertaking gives to this court the power, and the only power it possesses for the assessment by reference of damages by reason of an injunction to a defendant against an unsuccessful plaintiff, so this court, in any event, is restricted to its terms, and cannot, and has no power to confirm an assessment of damages for more than the amount stipulated in such undertaking, either against the plaintiff or sureties. (See *Hovey* v. *Rubber Tip Pencil Co.*, N. Y. Supr. Ct. at Gen. Term, Nov., 1874.)

*James Green*, respondent, in person. This court is a court of original general jurisdiction, and has all the powers and jurisdiction of the late Court of Chancery, and had jurisdiction to make the order to assess the defendant's damages in these proceedings. When the court has gained jurisdiction of a cause for one purpose, it will retain it for general relief. (Willard Eq. Jur., 48.) The plaintiff, in coming into this court and obtaining its extraordinary process of injunction, submits to its jurisdiction and consents to be governed by its rules, and this alone would give the court jurisdiction in this matter. (High on Inj., 557, 962, and cases there cited.) The plaintiff having caused the order of reference to be entered, cannot object to the jurisdiction of the court. (3 Code R., 139 ; Const., art. 1, § 2.) The procedure before the referee, was conducted in the same manner as like proceedings before the masters in the late Court of Chancery. (*Rose* v. *Post*, 56 N. Y., 603.) In the case of *Patterson* v. *Bloomer* (37 How. Pr., 454 ; 38 id., 280), Judge INGRAHAM, in delivering his opinion, said : "The court may order the plaintiff to pay the damages assessed, and if he refuses, may enforce the payment by attachment. The defendant may have an order directing the payment of the money within thirty days after service of notice of this order, or in default that an attachment issue." (See, also, *Willett* v. *Scovill*, 4 Abb. Pr., 407.) The undertaking is given for the purpose of providing the defendant with additional security against any loss he may sustain

by reason of the injunction, and not for the purpose of fixing or limiting the plaintiff's liability. (*Powell* v. *Walworth*, 2 Mad. Ch., 183.)

TALCOTT, J. :

This is an appeal from an order confirming the report of a referee, to whom it was referred to ascertain and report the amount of damages sustained by the defendant in consequence of an injunction, issued in this action at the instance of the plaintiff. Upon the granting of the injunction order in this action, the plaintiff with a surety entered into an undertaking under section 222 of the Code. The amount specified in the undertaking was $250, and the terms of the undertaking were, that the plaintiff would pay to the defendant such damages, *not exceeding the said sum of* $250, as he might sustain by reason of the said injunction, if the court should finally decide that the plaintiff was not entitled thereto. The original action was referred to a referee, who rendered a decision, in March, 1871, that the complaint be dismissed, with costs. Thereupon, and on the 5th of April, 1871, no final judgment having then been entered in the action, an order was made referring it to a referee to ascertain and report what damages had been sustained by the defendant by reason of the injunction. The referee proceeded and took testimony on the subject, and reported that he had ascertained and determined that the damages sustained by the defendant, by reason of the injunction, were $750. On the coming in of this report of the referee, an order was made confirming the same and assessing the damages, sustained by the defendant by reason of the injunction, at $750, with ten dollars costs of the motion, and $380.38 cents for the disbursements and referee's fees paid in the reference; and it was ordered that the plaintiff pay to the defendant the sum of $1,140.38, within thirty days after the service upon him of a copy of the order. This is the order appealed from. The plaintiff insists that the order of reference was erroneous, by reason of its having been made before final judgment in the action. This objection cannot be considered on this appeal. To raise this question the plaintiff should have appealed from the order of reference itself. The undertaking was limited to the amount of $250, but the referee has reported the damages at $750, and the order appealed

from peremptorily requires the payment of the latter sum, with the costs and expenses. It seems to have been settled in this State, that a court of equity could not award damages to a defendant by reason of an injunction improperly obtained under its general powers. To obviate this difficulty and afford parties proceeded against by injunction a summary means of obtaining indemnity, in case it should eventually appear that the complainant was not entitled to an injunction, the late chancellor established the thirty-first rule of the late Court of Chancery. (*Cayuga Bridge Co.* v. *Magee*, 2 Paige, 116; S. C., 6 Wend., 85; *Leavitt* v. *Dabney*, 9 Abb. Pr. [N. S.], 373; S. C., 40 How. Pr., 280; *Garcie* v. *Sheldon*, 3 Barb., 232.) It would seem, therefore, that the authority of a court of equity to award damages to the defendant, in an action before it, in consequence of damages which he may have sustained by reason of the issuing of an injunction in the action, rests entirely upon the provisions of the Code of Procedure, which are substituted for the thirty-first rule of the late Court of Chancery. The section (§ 222), under which the undertaking is required, expressly limits the liability assumed by the undertaking to an amount to be specified therein; and, as the power of the court to award damages depends upon the provisions of that section, we think it manifest that the amount awarded, and by the court ordered to be paid, must be limited to that sum. The report of the referee, however, is not necessarily so limited. He was ordered to report the amount of damages actually sustained, whether more or less than the amount specified in the undertaking. Doubtless, a defendant who has been restrained by injunction and sustained damages thereby, could maintain an action for indemnity, in the nature of an action on the case for a malicious prosecution, as in other cases where a party is damnified by an unfounded suit. But in such case the elements to sustain the action must exist, as in other cases where an action for malicious prosecution can be maintained.

The amount ordered to be paid then, in this case, ought to be reduced by the difference between the $750, the amount of damages reported by the referee to have been sustained by the defendant, and the sum of $250, the amount specified in the undertaking. As the assessment and order is made against the plaintiff in the action, against whom the court has the power to award the costs of any

proceedings in the action, the order as to costs and disbursements was proper.    The order appealed from, therefore, should be reversed *pro tanto*.    The above considerations seem to cover all the material objections to the order.    As to the objection that the referee does not, in his report, indicate the items of damages allowed by him in his estimate, the remedy in such a case is to apply for an order for a further and more specific report.    But in this case it is probable that the reduction of the amount ordered to be paid will render such further proceedings unnecessary.    The amount ordered to be paid, in and by the order appealed from, is reduced by the sum of $500, and affirmed for the residue, with costs of this appeal to neither party.

Present — BARNARD, P. J., and TALCOTT, J.

Ordered accordingly.