### EASTON and McMAHON

*v.*

### NEW YORK AND LONG BRANCH R. R. Co., EDWARD G. BROWN, H. R. CAMPBELL and J. B. CAMPBELL.

An order granting leave to bring an action at law on an injunction bond taken in this court, may be rescinded, if the equities of the parties were not considered at the time of its allowance.

---

On petition and order to show cause why an order giving leave to sue at law on an injunction bond, should not be rescinded.

*Mr. John P. Jackson,* for applicants.

*Mr. John W. Taylor,·contra.*

· The Vice-Chancellor.

This is an application to rescind an order heretofore made in this case, permitting the defendants, Brown and Campbell, to sue the complainants and their surety at law on an injunction bond. A rescission is asked on the ground that the order was made under a misapprehension as to the correct rule of practice. The bond in question was given under the forty-sixth rule of this court, but does not contain the jurisdictional clause required by that rule, the words " such damages to be ascertained in such manner as the chancellor shall direct," being omitted. This omission, on the application for leave to sue at law, was held to deprive this court of all jurisdiction over the obligors and their surety, and to leave the question of their liability exclusively to the cognizance of the common law courts. For this reason, I declined, on that application, to consider whether a breach of the condition of the bond had occurred or not, or whether any equitable reason or consideration existed rendering it just and right to withhold permission. I thought if this court was not competent to determine the right of the parties and administer relief, the question whether a right of action existed, as well as the measure of damages, should, both as a matter of principle and sound practice, be left to the judgment of the tribunal where the suitor must go for his remedy. It seemed to me that if this court could not exercise jurisdiction over the parties, and afford a remedy, it should not attempt to intermeddle with the question whether the condition of the bond had been broken under such circumstances as to entitle the obligors to an action or not. The authorities which controlled my judgment will be found in *Easton and McMahon* v. *N. Y. and Long Branch R. R. Co.,* 11 *C. E. Gr.* 359. Another case, supporting the same

view, has recently come to my notice. *Gracie* v. *Sheldon,* 3 *Barb.* 235.

At the time this opinion was pronounced, the question whether this court could give a remedy on an injunction bond in a case where jurisdiction was not conferred by the consent of the obligors, was undecided in this state. But the chancellor has since decided that this court has power over all bonds given pursuant to its orders and rules of practice, and also to determine all questions of liability and damages arising thereon. *Wauters* v. *Van Vorst,* 1 *Stew.* 103; *N. Y. & Long Branch R. R. Co.,* vide infra. In his opinion in the case last cited, he says, in referring to the order now under consideration: "When the order giving leave to sue at law was made, the subject was *res nova, Wauters* v. *Van Vorst* not having yet been decided. On the principle of that decision the order in question would not have been made, but the subject of liability and consequent damages would have been disposed of in the court of chancery." And the chief justice, in pronouncing the judgment of a majority of the judges of the court of errors and appeals, in the same case, says these bonds " are entirely under the control of the chancellor until he issues his order to put them in suit. If the equity of any possible case should require such order to be withheld, it is within the discretion of the chancellor to take such course." It is obvious the order assailed rests on views palpably erroneous when tested by either of these weighty judicial utterances.

According to the chancellor's judgment, consent by the obligors is not necessary to jurisdiction, but the court may, in virtue of its power to demand security, afford the person for whose protection the bond is taken a remedy thereon, according to its own peculiar mode of procedure; and, in the opinion of the chief justice, the obligors have a clear right, before being required to answer to a common law action, and as an essential preliminary step to such action, to the judgment of the chancellor whether any considerations exist rendering it inequitable, under the facts of the

Easton v. New York & Long Branch R. R. Co.

particular case, for the obligee to seek reparation in a common law court for any injuries he may have suffered in consequence of the injunction. For the reasons already mentioned, no such preliminary inquiry was made in this case, but the whole matter of right and liability was sent to the forum having, as it was supposed, exclusive jurisdiction of the questions necessary to be presented for determination. The refusal to enter upon this inquiry may have deprived the obligors of the only defence they can successfully interpose to the demand of the obligees. Though they may have a perfectly good defence in equity, they may be defenceless at law. Against the error on which the order rests, they can only have relief and protection here. The order, being a matter resting entirely in the discretion of the court, is not appealable. *In re Anderson*, 2 *C. E. Gr.* 536. An attempt was made to question the validity of the order in this case, by an appeal, but the appeal was dismissed for the reason just stated.

A rehearing will always be granted when it is plain a mistake, either in law or fact, has been made (*Brumagim* v. *Chew*, 4 *C. E. Gr.* 337), or injustice has been done (*N. J. Zinc Co.* v. *N. J. Franklinite Co.*, 1 *McCart.* 380). And even if the order or decree has been partly acted upon, or partly executed, that will not constitute an insurmountable objection to a rehearing, if manifest error has been committed. *Achland* v. *Braddick*, 3 *Jur.* 39.

While the judgment of the court of errors and appeals cannot be said to possess the technical force of a judgment of reversal, still it so plainly declares that the obligors named in this bond are entitled to the judgment of this court upon a preliminary question upon which they have been refused a hearing, that to allow the order compelling them to litigate the question of their liability in a common law court, to stand, would seem almost to be a resolute persistence in an error which may deprive them of a defence that only this court can hear.

The application to rescind must be granted.