(109 App. Div. 888)

### JONES v. BURGESS.

(Supreme Court, Appellate Division, Second Department. December 29, 1905)

1. INJUNCTION—VIOLATION—CONTEMPT.

Under Code Civ. Proc. § 2266, providing that one may be punished for contempt for any violation of duty defeating, impairing, or prejudicing the rights of a party to an action, where an injunction restrained defendant from prosecuting certain proceedings against plaintiff, and defendant instituted them, but before an order to show cause why he should not be punished for contempt was served the proceedings were withdrawn, there was no ground for punishing defendant for contempt.

2. SAME—MOTION TO VACATE—NOTICE.

On a motion to punish defendant for contempt in violating an injunction, defendant could not have a vacation of the injunction order, where he had served no notice that he would ask for such vacation.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Motions, § 49.]

Appeal from Special Term, Nassau County.

Action by Holmes Jones against William H. Burgess. Appeals by plaintiff from an order denying a motion to punish defendant and his attorneys for contempt and from an order directing that the plaintiff accept service of an order extending defendant's time to answer. The latter appeal dismissed, and on the former the order modified and affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Holmes Jones, in pro. per.
George B. Stoddart, for respondent.

HOOKER, J. The record contains appeals from two orders— one denying a motion to punish the defendant and his attorney for contempt, and the other directing that the plaintiff accept service of an order extending defendant's time to answer. In relation to the latter, it appears in the affidavit of the plaintiff himself, read in opposition to the motion, that he has signified his willingness to receive the defendant's answer, and since the granting of the motion the answer has been served, and the plaintiff has received and admitted service thereof. Under the circumstances, the question becomes academic, and this court will not pass upon it. The appeal from the order granting the motion directing the plaintiff to accept service of the order extending defendant's time should therefore be dismissed, without costs.

The other order should be modified. Prior to the commencement of the action, the defendant had commenced a summary proceeding against the plaintiff, his tenant, which was tried before a jury in justice's court, and in this proceeding the plaintiff was partially successful. The defendant threatened to bring other proceedings of similar nature, in disregard of what the plaintiff claimed had been established in that proceeding. Plaintiff commenced this action in equity asking for a decree restraining the defendant, his attorneys and agents, from prosecuting further summary proceedings against him; that full force and effect might be given to the final order in the summary proceeding already prosecuted; that an account be stated between the parties; and that the defendant, his attorneys and agents, be restrained from interfering with plaintiff's water supply in the demised premises, over which the defendant seemed to have physical control and which he had threatened to impair. At the time of the commencement of this action, the plaintiff moved, by an order to show cause, for a temporary injunction and the order contained a temporary injunction which should have force until the hearing and determination of the motion. Upon the hearing of the motion the court directed that the injunction should continue during the pendency of the action, provided the plaintiff file his bond in the sum of $1,000 to protect the rights and interests of the defendant and that the bond should be furnished within five days. The plaintiff failed to enter the order, and after the expiration of 24 hours the defendant's attorney entered an order which provided that the bond should be filed by the plaintiff within five days after the entry of the order and service of a copy thereof upon the plaintiff. The defendant served what purported to be a copy of the order, as entered, but the same was not

folioed, although more than two folios in length.  Gen. Rules Prac. 19.  The plaintiff promptly returned the copy of the order that had been served upon him, with sufficient indorsement apprising the defendant that it was returned among other reasons because the order exceeded two folios in length and was not folioed.  Instead of entering an order promptly folioed and serving that upon the plaintiff, thereby limiting the plaintiff's time within which he might file his bond, the defendant undertook to institute other summary proceedings immediately after the expiration of the five days after the pretended service upon the plaintiff, supposing, no doubt, that the injunction was no longer in force by reason of the plaintiff's failure to file his bond. The plaintiff immediately prepared papers upon which to move that the defendant and his attorney be punished for contempt of court on account of their violation of the temporary injunction, which restrained them from bringing other similar proceedings.  Before the completion of these papers, however, and before the order to show cause was served, the precept of the summary proceeding was withdrawn and countermanded by the defendant's attorney, and at the time of the noticing of the motion and at the time of its argument there was pending against the plaintiff no summary proceeding instituted by the defendant.  Upon the argument of the motion to punish for contempt the court denied it and vacated the order of injunction.  That part of the order which denied the motion to punish for contempt was, in our opinion, correctly disposed of.  Had the motion been granted, it would have been necessary for the court to have found that a right or remedy of the plaintiff had been defeated, impaired, impeded, or prejudiced by the conduct of the defendant.  Code Civ. Proc. § 2266.  It evidently was clear to the learned court at Special Term, as it is to us, that although the summary proceeding was actually instituted, its withdrawal and the countermanding of the precept issued therein, under the circumstances disclosed by the record, rendered groundless a claim that any right or remedy of the plaintiff had been defeated or prejudiced.

The court was, however, without authority to direct that the injunction order be vacated.  The motion was one by the plaintiff upon an order to show cause to punish the defendant and his attorney for contempt and "for such other different or further relief as may be just." The defendant did not serve any counter notice to the effect that he would ask for a vacation of the injunction order, nor did he serve affidavits touching the question of the propriety of a further continuance of the injunction.  Had the defendant sought or wished to procure a vacation of 'the injunction, the plaintiff was entitled to notice in due form of his intention to move in that respect and to an examination of such affidavits, if any, as the defendant desired to read upon the motion.  This practice did not obtain.  Upon the plaintiff's motion to punish for contempt on account of an alleged violation of the injunction order, the injunction order itself should not have been vacated without some proper notice to the plaintiff that the court would be asked for that relief.  In general the practice has always required notice to the opposing party of a motion.  The dissolving of the injunction was no part of plaintiff's motion to punish for contempt on

account of a violation of its terms, and could not possibly be justified under plaintiff's prayer for general relief in his order to show cause. The practice of granting relief on motions which is not within the perview of the notice or notices served should not receive the approval of the courts. Its dangers are apparent, and it does not make for the orderly administration of the law. Analogous to this question was one presented in Garcie v. Sheldon, 3 Barb. 232, where it was said:

"It is irregular to grant affirmative relief to a party opposing a motion, upon matters appearing in the opposing papers, which the moving party has had no opportunity to answer."

The order denying the motion to punish for contempt, and vacating the injunction order, should therefore be modified by striking therefrom the provision in relation to the vacation of the injunction, and, as so modified, affirmed, without costs. All concur.