SMITH and MARTIN vs. KUHL and HEWITT.

HEWITT vs. KUHL.

1. The bond provided for by the 46th rule, upon the granting of an ex parte injunction, is intended as security for damages in case the complainant shall prove not to have been equitably entitled to the injunction when he applied for it.

2. That the injunction was dissolved, is not, of itself, evidence that the complainant was not equitably entitled to it.

3. And though it may have been improvidently granted, and for that cause be dissolved before answer, that will not, if the case is fairly presented by the bill and verification, entitle the defendant to look to the bond for damages.

4. If the application upon which an ex parte injunction has been granted, be disingenuous, mala fide, or made without due regard to the rights of the court or the defendant in the application, the complainant is to be regarded as not having been equitably entitled to the injunction, and as being liable to damages upon his bond, given under the 46th rule.

5. Held, that in the cases under consideration, there was no evidence of bad faith, insincerity, or want of care in the application; and that the complainants could not be regarded as not equitably entitled to the injunctions within the meaning of the rule.

On motion, in each of the above cases, for an order directing that the damages sustained by the defendant, Richard S. Kuhl, by reason of the injunction, be ascertained, &c.

Mr. G. A. Allen and Mr. A. V. Van Fleet, for the motion.

Mr. Cortlandt Parker, contra.

THE CHANCELLOR.

The defendant, Richard S. Kuhl, applies for an order directing the ascertainment of the damages alleged to have been sustained by him by reason of the preliminary injunction issued in each of these causes on the filing of the bill. The

injunction in each case was granted *ex parte*, on terms that the complainant give bond according to the 46th rule of this court, to the above named defendant, and bonds were given accordingly. The injunctions were dissolved after answer. The 46th rule is as follows: "In cases where an injunction is granted *ex parte*, the Chancellor or master may, at his discretion, take from the complainant a bond to the party enjoined, in such sum as may be deemed sufficient, either with or without sureties, conditioned to pay to the party enjoined, such damages as he may sustain by reason of the injunction, if the court shall eventually decide that the complainant was not equitably entitled to such injunction; such damages to be ascertained in such manner as the Chancellor shall direct." The bond given under this rule is security only for damages in case the complainant shall prove not to have been equitably entitled to the injunction when he applied for it. That the injunction was dissolved, is not, of itself, evidence that he was not equitably entitled to it. And though it may have been improvidently granted, and for that cause be dissolved before answer, that will not, if the case is fairly presented by the bill and verification, entitle the defendant, to whom it is given, to look to it for damages. But if the application be actually or presumably *mala fide*, as for example, if the bill present grounds for relief, by injunction, which have no existence, or distort or falsely color facts, or omit facts in the knowledge of the complainant, or of which he might, and in fairness ought to, have informed himself, and which would have had an important bearing against granting the injunction, if stated in the bill; in short, if the application be disingenuous, *mala fide*, or made without due regard to the rights of the court or the defendant in the application, the complainant is to be regarded as not having been equitably entitled to the injunction. A complainant may come into court for a discovery, and on that ground pray an injunction. If the discovery be made, and the result be adverse to him, and the injunction therefore be dissolved, he may, nevertheless, have been equitably

entitled to the injunction. The object of the rule is to secure *bona fides* in the application, and to provide indemnity to the party enjoined, against the effects of an injunction unfairly obtained. In *Dodd* v. *Flavel*, 2 *C. E. Green* 255, application was made by the defendant, that the complainant, to whom an injunction had been granted in the cause, without bond, give security for such damages as the defendant might sustain by reason of the injunction. The Chancellor, in denying the motion, said: "The propriety of requiring security from the complainant, for such damages as the defendant might sustain by reason of the injunction in this cause, was considered at the time of allowing the injunction. It did not appear to me, then, to be a case in which security should be required. Upon the case made by the bill, the right of the complainant is clear, and the infraction of that right established. Under such circumstances, the fact that the injunction occasions a serious loss to the defendant, affords no just ground of complaint."

In the first of the cases under consideration, Smith and Martin *v.* Kuhl, it does not appear that there was either bad faith, insincerity, or want of care in the application. The complainants had, apparently, through excessive confidence, been careless in their dealings with Hewitt, to whom they had entrusted their notes and checks, signed in blank, and to whom they had given a letter of attorney, authorizing him to sign checks for them for certain purposes. They were surprised to find themselves prosecuted, on a large amount of paper, purporting to have been made by them. They were led, by Hewitt, to believe that the plaintiff in those suits was his partner, and that the paper had gone into the plaintiff's hands with full knowledge of its character, for the purposes of Hewitt and Kuhl's joint business, and that on a fair account between him and Kuhl of their mutual transactions, it would appear that Kuhl owed to or had received from Hewitt, money enough, for which he was bound to account to and allow Hewitt, to pay off the paper in question. Under the circumstances, I do not think that they can be

regarded as not having been equitably entitled to the injunction.

In the other case, Hewitt v. Kuhl, the case made by the bill was that, on an account between Hewitt and Kuhl, of their mutual dealings, there would appear to be enough money due to the former, from the latter, to pay off the paper in suit, and the bill prayed an account accordingly. That there were mutual dealings between them, abundantly appears, and was, indeed, admitted. It was also admitted that the parties had never accounted with each other. But the claim of equitable offset was not properly pleaded in the bill. The bill, also, in that connection, sought a discovery in regard to a mortgage which had been given by Hewitt to Kuhl as collateral security, and which the former charged that the latter had assigned away, for value. It appeared, by the answer, that the mortgage had indeed been assigned by Kuhl, but as security merely, and had been retransferred to him. He alleged, also, that by reason of the amount of the prior encumbrance on the mortgaged premises, the mortgage was of no value. The claim of equitable offset being ill pleaded, could not be entertained, and the discovery as to the mortgage, made it quite apparent that if it had been assigned, as Hewitt insisted, he could avail himself of the fact at the trial at law, and obtain the full benefit of it there. The injunction was therefore dissolved. It cannot justly be assumed that the complainant in that case was not equitably entitled to the injunction within the meaning of the rule.