EASTON and McMAHON *vs.* THE NEW YORK AND LONG BRANCH RAILROAD COMPANY and others.

1. The question of liability on a bond given under the 46th rule of this court, on the granting of an injunction *ex parte*, is purely a matter of common law cognizance, and a court of equity cannot acquire jurisdiction of it, except by the consent of the obligors expressed in the bond, or in some other appropriate mode.

2. The words, "such damages to be ascertained in such manner as the Chancellor shall direct," being omitted from the condition of the bond, this court has no power over the surety, and his liability must be determined by suit at law.

3. Whether the condition of the bond has been broken or not, must be left to the judgment of the court in which the action on it is to be instituted.

4. In such case, without the consent of all the obligees, the bond cannot be taken from the files, but a certified copy should be delivered to the applicants; the clerk to produce the original in evidence whenever properly required.

On order to show cause.

*Mr. John W. Taylor,* for motion.

*Mr. John C. Besson,* contra.

THE VICE-CHANCELLOR.

The defendants, Brown and Campbell, ask for the delivery to them of the bond given by the complainants, pursuant to the 46th rule of this court, on procuring the injunction granted in this cause, that they may sue on it at law, to recover the damages they claim to have sustained in consequence of the allowance of the injunction. The injunction was dissolved by the Chancellor for the reasons stated in his opinion, reported in 9 *C. E. Green* 49. The bond was executed by a surety as well as the complainants. Its condition conforms to the requirements of the 46th rule, except the words, "such damages to be ascertained in such manner as the Chancellor shall direct," are omitted. This omission, it is said, deprives this court of all power over the surety, and leaves intact his right to have his liability determined by suit at law, with the privilege of trial by jury. It is contended, the question of liability on the bond is purely a matter of common law cognizance, and a court of equity cannot acquire jurisdiction of it, except by the consent of the obligors, expressed in the bond, or in some other appropriate mode. This view would seem to have the support of two adjudications entitled to great respect. *Bein* v. *Heath,* 12 *How.* 168 ; *Merryfield* v. *Jones,* 2 *Curtis C. C. R.* 306. Judge Curtis, in the case last cited, says : " It is not incident to the general powers of a court of equity, to proceed against the principal and sureties on an injunction bond, and enforce the payment

of damages secured by its condition. * * I am clearly of opinion, that aside from positive legislation, a court of equity does not afford a remedy on such bonds." And even where the plaintiff and his surety undertake to abide by such order respecting damages as the court may make, it seems the question of their liability may be submitted to the judgment of a common law court. *Novello* v. *James,* 31 *Eng. L. & E.* 280. The injunction in this case, on motion to dissolve, was continued, the plaintiff undertaking to abide by any order the court might make as to the payment of compensation to the defendant, for any damages which might be sustained by him in case the plaintiff's title should ultimately fail. Both the Lords Justices who heard the appeal, held the defendant had a right to have the question what, if any, damages he had sustained, determined, either by an officer of the Court of Chancery, or by trial at law.

The question whether the condition of the bond in this case has been broken or not, must be left to the judgment of the court in which the action on it is to be instituted. If this court has no power over the surety, it should not attempt, as against him, to adjudge whether a cause of action exists or not. That should be left to the determination of the tribunal where the suitor applies for redress.

It is proper to add, the question what will constitute a breach of an injunction bond, with condition framed pursuant to the rule, has recently been considered by the present Chancellor. After enumerating various acts and omissions which will work a breach, he lays down this general rule, by which almost all cases may be accurately tested : " In short, if the application be disingenuous, *mala fide,* or made without due regard to the rights of the court or the defendant, the complainant is to be regarded as not having been equitably entitled to the injunction." He had previously shown there were cases where the mere fact of dissolution, even before answer, would not, of itself, be evidence that the complainant was not equitably entitled to the injunction. *Smith* v. *Kuhl, ante p.* 97.

Easton and McMahon *v.* New York and Long Branch R. R. Co.

In view of this rule, it may be prudent for the obligees, who desire to sue on this bond, to consider whether a breach of its condition can be shown.

If the obligees not joining in this application will consent, I will advise an order, directing the delivery of the bond to Brown and Campbell, that they may take such action respecting it as they may be advised is proper; if such consent is not given, the order must be that the clerk deliver a certified copy of it to the applicants, and that he shall produce the original to be offered in evidence whenever properly required to do so. The original should not be taken from the files without the consent of all the obligees.