GREEN *vs.* THE PHILADELPHIA FREESTONE AND GRANITE
COMPANY.

Where the complainant, with full knowledge of all the facts, by false
representation of them, obtains an *ex parte* injunction, he is to be regarded
as not equitably entitled thereto, and as being liable to the defendants in
the damages recoverable under the bond given under the 46th rule.

Motion for reference to ascertain the damages sustained by
the defendants, by reason of the injunction issued in the
cause, which was granted on terms that the complainant give
bond according to the 46th rule of the court.

*Mr. G. A. Allen*, for the motion.

*Mr. C. A. Skillman*, contra.

THE CHANCELLOR.

The injunction in this suit was granted to stay an action
at law brought by the defendants against the complainant, to
obtain possession of certain quarry land which had been
leased to him, and of which he alleged he had lawful posses-
sion. The bill stated, in substance, that he had never parted
with the right of possession under the lease, and that the
defendants had no right to the possession ; that he had never
assigned the lease to them, and although it was then in the
possession of the company, they had obtained it under cir-
cumstances which made it inequitable for them to retain it.
The principal facts set out in the bill were briefly these :
That the complainant being the owner of the lease, and being
without capital to work the quarry, organized a company
under the laws of Pennsylvania, with a view to obtaining the
requisite working capital ; that he controlled the stock of
that company ; that Samuel Kilpatrick applied to him on
the subject of furnishing the needed capital, and proposed to

procure persons to join him in taking part of the stock; that for the purpose of aiding Kilpatrick in his undertaking, he delivered to him the lease; that subsequently an agreement was made between Kilpatrick and his associates, and the complainant, by which it was provided, that when the former should have paid into the company $12,500 for the stock which they agreed to take in order to provide the necessary working capital, the lease should be assigned to the company; that they had, at the filing of the bill, paid in less than $7000, and that he had been in possession of the quarry from the time of making the agreement, working it for the company.

It appeared by the answer, that the lease had been put into the assets of the company by the complainant, on the formation of the company, at the price of $3000, payable to him in the stock of the company, and had been accepted accordingly; that the complainant solicited Kilpatrick to enter into the enterprise and obtain the working capital; that the agreement contained no provision that the lease was to be assigned to the company after Kilpatrick and his associates should have paid in $12,500, but provided that they should take 1250 shares of the stock, for which they were to pay not more than $10 a share; that after the making of the agreement, the management of the company was given to them, by means of the resignation of the persons who were then directors and the election of Kilpatrick and some of his associates in their places, and that then the lease, with the other papers and books of the company, were delivered over by the complainant to the new board, and that the company has, ever since that time, been in possession of the quarry, working it, until the complainant had forcibly and unlawfully taken possession of it. It appeared, also, that the complainant had, after the election of the new board, sold a large number of the shares of the stock, which constituted the consideration of the transfer of the lease to the company. On the coming in of the answer the injunction was dissolved.

Had the facts been correctly stated in the bill, the injunction would not have been granted. They were all within the

complainant's knowledge. He was not equitably entitled to the injunction, and the defendants are therefore entitled to damages recoverable under the bond. *Smith* v. *Kuhl, ante* p. 97. There will accordingly be a reference to a master, to ascertain and report those damages.