Wauters *v.* Van Vorst.

---

Stephen Wauters

*v.*

Cornelius Van Vorst.

1. When sureties have been induced to sign a bond substituted for a *ne exeat* bond, which is not only more stringent than they supposed, but also more stringent than the order or rules of the court required, it is the province of this court to say whether there has been a breach of the condition, and whether the bond shall be prosecuted.

2. In the case of bonds given in this court in pursuance of its rules, practice or orders, *e. g.* a *ne exeat* bond given to a sheriff, this court has power to determine both the fact and extent of liability under them.

Bill for relief. Petition for order directing sheriff to assign to complainants for prosecution a bond taken in discharge of one given to him by defendant when in arrest on a *ne exeat.*

*Mr. J. A. Blair* and *Mr. J. G. Shipman*, for the petitioners.

*Mr. J. Flemming* and *Mr. I. W. Scudder*, for the respondents.

THE CHANCELLOR.

The bond which is the subject of this application was given by the defendant in substitution for one given to the sheriff by him to obtain his discharge from custody under the writ of *ne exeat* issued in this cause. It is in the penalty of $20,000, was given under an order obtained for the purpose by the defendant, and is conditioned for his appearance in this court whenever he shall be directed or required to appear; and also to answer any order of this court that may be made in this cause. By the final decree he was ordered to pay the sum of $20,348.27 within a certain period. On default having been made in such payment, a writ of *fieri facias* was issued out of this court, on which his real estate was sold. After application of the proceeds of the sale, there remained due on the decree more than $20,000, for the collection of which sum the petitioners seek to have recourse to the bond, by suit thereon at law. The respondents are the defendant's sureties. They resist the application on the ground that the defendant has always been, since the bond was given, and is now, and has so tendered himself, amenable to the orders, decrees, and process of this court, and therefore has not failed to comply with the condition of the bond; that he has appeared within the meaning of the condition in this court, whenever directed or required, and has answered every order which he has been called upon to answer. On the other hand, the peti-

tioner insists that the condition of the bond is broken by the non-payment by the defendant of the amount which, by the decree, he was ordered to pay. And here the controversy lies.

The defendant had been arrested on the writ of *ne exeat*, and had given security, by bond, to the sheriff, according to the practice of the court, that he would neither go nor attempt to go out of this state without leave of this court. Desiring to be released from the necessity imposed upon him of remaining in this state, he made application to the court for an order that the writ be discharged, on his entering into bond to the sheriff in the sum marked on the writ, and with the same sureties, conditioned for his appearance in this court whenever he should be directed or required to appear to answer any order that might be made in this cause. The order was made accordingly, and he gave bond, but with condition as is before stated, that he would appear, in this court whenever he should be directed or required to appear, and also answer any order of this court that might be made in this cause. The condition mentioned in the order is substantially the same as the condition of the bond provided for by the 187th rule, which is that the defendant shall cause his appearance to be entered in the suit, and continue such appearance by a solicitor of this court residing in this state, and shall at all times render himself amenable to the order and process of this court pending the suit, and to such process as shall be issued to compel the performance of the final decree therein, and will appear before this court, or any officer thereof, whenever required by the order of this court.

That neither the defendant nor his sureties contemplated giving a bond with a more stringent condition than that which is required by the order, is too obvious for remark. That the sureties did not contemplate incurring by the bond any liability to pay the penalty, or any part thereof, provided the defendant should appear to answer according to the condition, is clear from their testimony. It may be

assumed, too, that they probably would not have regarded the word "answer," which is relied upon as fixing their liability, as signifying more than..the words "amenable to." Its technical meaning in the connection in which it is used, probably did not occur to them. Had the order provided for giving a bond with such a condition, these considerations could not have relieved them from their liability. They have force, however, now, when, the sureties having been induced to sign a bond which is not only more stringent than they supposed, but more stringent than the order of the court required, application is made for leave to proceed against them to enforce such uncontemplated liability. It is for this court to say whether there has been a breach of the condition or not. It is for this court to say whether the bond shall be prosecuted or not. *Musgrave* v. *Medex*, 1 *Meriv.* 49; *Utten* v. *Utten, Id.* 51. Hence this application. This court has the power to determine the question of liability, and also the question of the extent of the liability. In the cases just cited, on a breach of a *ne exeat* bond, the court ordered the amount of the penalty to be paid by the sureties into court, thus adjudicating upon the whole subject.

This court has power to discharge a *ne exeat* bond, when the purpose for which it was given has been fairly answered. *Debazin* v. *Debazin*, 1 *Dick.* 95. In that case the defendant was in contempt for not performing the decree, and the sureties, on application based on that ground, were discharged, and the bond as to them cancelled. In construing the condition of the bond in question, it should be read in the light of the requirements of the order in pursuance of which it was given. Beyond these requirements it is merely voluntary, and, under the circumstances, ought not, so far as it exceeds them, to be enforced. Had the respondents discovered, immediately after the bond was given, that the condition was more stringent than the order required; that the word "answer" had, technically, in the connection in which it was used in the condition, a meaning which

imposed on the sureties an obligation which they had not contemplated, and which they were not required by the order to assume; and had they applied for leave to substitute a bond in accordance with the requirements of the order, in place of the one under consideration, permission would have been granted to substitute one with conditions in accordance with the provision of the rule.

The complainants lose no right to which they are fairly entitled by the refusal to give them leave to prosecute the bond. It is a matter of course to discharge the writ on the defendant's giving bond according to the 187th rule. The defendant in this case appears, by the evidence, to have come to an account with the complainants in the cause pending the suit, and the result was a final decree for an amount fixed by consent as the amount due from him on such account. He has tendered himself amenable to any order which may be made in the cause. It does not appear that he has as yet failed to "appear when required to answer any order in the cause." When he does so, the bond will be forfeited. Until then, it will not.

The petition will be dismissed, but without costs.