Brown *v.* Easton.

---

EDWARD G. BROWN and others, appellants,

and

JAMES T. EASTON and others, respondents,

An order having been made that an injunction bond should be delivered to the obligees for prosecution, and a suit having been instituted thereon,—*Held*, that the order, although made without regard to the equities of the case, could not be rescinded except for equities shown, and on equitable terms.

47

On appeal from a decree of the vice-chancellor, reported in *Easton* v. *New York & L. B. R. R. Co.*, 3 *Stew.* 236.

*Mr. John W. Taylor*, for appellants.

I. The injunction bond in question was a perfect obligation as soon as filed with the clerk in chancery.
*High on Inj.* § 948.

II. The bond became forfeited immediately upon the dismissal of the bill and dissolution of the injunction.
*New York & L. B. R. R. Co.* v. *Dennis*, 11 *Vr.* 340.

III. The appellants had a cause of action, and a right to sue on the bond, forthwith, after the forfeiture, whether entitled to the custody of the bond or not.
*Lathrop* v. *Southwick*, 5 *Mich.* 436; *Higley* v. *Robinson*, 7 *Wend.* 482; *Zeigler* v. *David*, 23 *Ala.* 127; *High on Inj.* § 948.

IV. The court of chancery had no jurisdiction to settle the question of liability and damages, much less to enforce a recovery against the sureties on the bond in question.
*Easton* v. *N. Y. & L. B. R. R. Co.*, 11 *C. E. Gr.* 359; *Garcie* v. *Sheldon*, 3 *Barb.* 232; *Higgins* v. *Allen*, 6 *How. Pr.* 30; *Leavitt* v. *Dabney*, 2 *Sweeny* 613; *Bein* v. *Heath*, 12 *How.* 168; *Merryfield* v. *Jones*, 2 *Curt.* 306.

V. The case of *Wauters* v. *Van Vorst*, 1 *Stew.* 103, cited by the vice-chancellor to the contrary, was on a *ne exeat* bond, which is in the nature of a bail bond, and governed by entirely different principles. What the chancellor says in that case relates to a *ne exeat* bond, or a bond taken in lieu thereof. There is nothing in that case, nor in the cases cited as authority for the opinion in that case, warranting the view taken by the vice-chancellor in making the order appealed from. The only case in the court of chancery of New Jersey at all relevant, is that of *Easton & McMahon* v. *N. Y. & L. B. R. R. Co.*, 11 *C. E. Gr.* 359, which holds that the chancellor has no such power as the vice-chancellor now contends for.

Brown *v.* Easton.

*Mr. John P. Jackson,* for respondents.

I. The order to rescind for the purpose of rehearing was properly granted. The court will grant a rehearing when a mistake, either in law or in fact, has been made.

*Att'y-Gen.* v. *N. Y. & L. B. R. R. Co.,* 9 *C. E. Gr.* 59; *Brumagim* v. *Chew,* 4 *C. E. Gr.* 337; *N. J. Z. Co.* v. *N. J. F. Co.,* 1 *McCart.* 380.

II. It is manifest, from the opinion of the vice-chancellor (reported in 3 *Stew.* 236), that there existed a misapprehension with respect to *two important principles* of law.

(*a*) Contrary to the assumption when the original order of November 13th, 1875, was made, it has since been declared that the obligors in an injunction bond *have a clear right,* before being required to answer to a common law action, and, as an essential preliminary step to such action, *to the judgment of the chancellor* whether the equity of the case in hand requires such order for prosecution to be withheld. See *N. Y. & L. B. R. R. Co.* v. *Dennis,* 11 *Vr.* 340, 362, *Beasley, C J.*

*Att'y-Gen.* v. *N. Y. & L. B. R. R. Co.,* 9 *C. E. Gr.* 49; *Att'y-Gen.* v. *Pat. & Hud. R. R. Co.,* 1 *Stock.* 526; *Milner* v. *N. J. R. R.,* 6 *Am. Law Reg.* (1858), 7.

(*b*) Contrary to the principle decided in this state since the original order of November 13th, 1875, was made, it was, at that time, supposed that the court of chancery could give no remedy on an injunction bond, unless jurisdiction were conferred by consent of the obligors expressed in the bond, or in some other appropriate mode. But the law now is, that the chancellor *has power* over all bonds given pursuant to its orders and rules, and may determine all questions of liability and damages arising thereon.

*Wauters* v. *Van Vorst,* 1 *Stew.* 103; *N. Y. & L. B. R. R. Co.,* 3 *Stew.* 236, *and cases cited; N. Y. & L. B. R. R. Co.* v. *Dennis,* 11 *Vr.* 371, *Runyon, C.; Shann* v. *Jones,* 4 *C. E. Gr.* 251; *Thompson* v. *Engle,* 3 *Gr. Ch.* 271; *Silver* v. *Campbell,* 10 *C. E. Gr.* 465; 2 *Dan. Ch. Pr.* (3 *Am. Ed.*) 1279, *note* 2;

*Wood* v. *Mann,* 3 *Sumner,* 318; *Gordon* v. *Sims,* 2 *McCord Ch.* 151; *Cowell* v. *Lippitt,* 3 *R. I.* 92; *Field* v. *Post,* 9 *Vr.* 349; *Solomon* ads. *Gregory,* 4 *Harr.* 115.

III. The only remedy which the petitioner had, on the promulgation of the principles above mentioned, was to ask for a rehearing; for the order of November 13th, 1875, under which the respondents were suffering, *had already been appealed* to the court of errors and appeals, but the appeal was dismissed on the ground that the matter of the custody of the bond rested entirely in the discretion of the court. (See minutes of the court of errors, March, 1876; also vice-chancellor's statement, 3 *Stew.* 239).

IV. The appeal in this case will not lie.

(*a*) The bond might, in the first instance, have been required or waived, according to the discretion of the chancellor. (See rule 46 of chancery.)

(*b*) It could be discharged by order of the court at any time, and the appellants left without security.

*Henwood* v. *Jarvis,* 12 *C. E. Gr.* 247; *Debazin* v. *Debazin,* 12 *C. E. Gr.* 254; *Williamson* v. *Hyer,* 4 *Wend.* 172; *Bien* v. *Heath,* 12 *How.* 179.

(*c*) Nor does the injunction contained in the order give it any appealable quality; it is temporary in its operation, does not affect the rights of the parties, and no one can be said to be *aggrieved* by the order. The appellants may immediately apply for an exercise of the chancellor's discretion. The injunction is merely ancillary to the order, not final nor touching the merits of the case; it merely serves *to hold the question where it stood* when the appellants made their first motion for leave to prosecute.

See *Att'y-Gen.* v. *Paterson,* 1 *Stock.* 627; *Morgan* v. *Rose,* 7 *C. E. Gr.* 583; 2 *Waterman's Eden on Inj.* 374; *Kerr on Inj.* (2d *Ed.*) 11, 533, *and cases cited; High on Inj.* § 15.

(*d*) Nor is it any objection, either to the rehearing or to the proper enforcement of the order for rehearing by means

of the injunction, that the appellants have commenced a suit at law upon the bond.

*Ashland* v. *Braddick*, 3 *Y. & C.* 237; *Story* v. *Johnson*, *Y. & C.* 586.

V. The same principles would govern the court in this case as in any other threatened injury from an inequitable prosecution in a common law court.

*Gifford* v. *Thorn*, 1 *Stock.* 702; *Tompkins* v. *Tompkins*, 3 *Stock.* 513.

Even when judgments have been obtained, the aid of the court of chancery may be asked to stop the plaintiff from realizing on inequitable claims.

DIXON, J.

After the decision of this court. in *N. Y. & Long Branch R. R.* v. *Dennis*, 11 *Vr.* 340 (to the effect that an injunction bond, conditioned to pay damages if it should be determined that the complainants were not equitably entitled to the restraining order obtained, was forfeited by a decree dissolving the order and dismissing the bill), the defendants in that cause presented to the chancellor a petition for the rescinding of an order, granted on the opinion of the vice-chancellor (see *Easton* v. *N. Y. & Long Branch R. R.*, 11 *C. E. Gr.* 359), by which it was directed that the bond should be delivered to the obligees (the appellants here) for prosecution. The petition alleged, as the reasons for such rescission, that the order was made on the assumption that the court of chancery had no jurisdiction over the sureties of the bond, the question of their liability belonging exclusively to the common law courts, and it was necessary that the obligees should be allowed the privilege of suing upon the bond in a court of law; whereas, it was alleged, the chancellor had jurisdiction over the liability of the obligors, and this court had decided that the petitioners were entitled to the exercise of the chancellor's discretion as to whether such order should be made or not.

Upon this petition, the vice-chancellor held that, before making the order for delivery of the bond, he ought to have passed upon the preliminary question, whether any considerations existed rendering it inequitable for the obligees to seek reparation in a court of law for the injuries suffered in consequence of the injunction; and, because he had not considered that question, he absolutely and without terms rescinded his original order, and directed the return of the bond to the files of the court of chancery.

From this order the appeal is taken.

It is clear that, without the order for the delivery of the bond, the obligees would be unable to maintain any action on that instrument. Before granting his injunction, the chancellor had required, not that the bond should be delivered to the parties restrained, but that it should be filed with his clerk, in escrow, as it were, to be used by him for indemnifying those who might be damaged by his injunction. Whatever equitable claims to indemnity those persons may have had, they acquired no legal rights in this obligation until the chancellor, under his order, actually or constructively delivered it to them. It is equally clear, that the chancellor had the right to make such a delivery, for that was the very purpose of the escrow.

On the delivery, therefore, the right of the obligees became a legal one, and justified the suit at law, which they instituted for the enforcement of the obligation. But this right was not absolute; it was subject to such conditions as attached to the order by which it was authorized. One of these conditions was, that, for good cause and on reasonable terms, the order might be changed or discharged. Every judgment or decree is, for a time, at least, thus subject to rescission or modification, if it appears to be such as should not have been rendered; and where, as here, an order has been made without considering all the questions which the complaining party was entitled to have determined, the discretion of a court of equity should be liberally exercised in favor of a review. Nothing has transpired in this cause so

Brown *v.* Easton.

conclusive of the rights of parties as to make such review either unjust or impracticable.

On the other hand, the order for delivery being one which the court had power to make, it should stand until it becomes apparent that a full consideration of the matters involved would have led to a different result. It is not enough to show that the court erred in its method of reaching a conclusion; the conclusion itself must be shown to be wrong. And just here is the impropriety of the order now under review: When, in the original cause wherein the bond was given, it was adjudged that the injunction was inequitable, the obligees became entitled to have the bond put in force for their indemnity, unless some special equities justified a denial of their claim. Whether the chancellor could himself have enforced the obligation need not now be decided, for having, after hearing the parties, delivered the bond for prosecution at law, that step, being merely a choice of forums, ought not to be retraced, unless special equities are shown. But the fact that hitherto the court has declined to consider whether such equities exist, does not indicate that a full examination would bring them to light. Neither in the petition presented, nor in the reasons given for the judgment below, are any grounds stated on which a rescission of the order for delivery can be justly based.

In my judgment, therefore, the order appealed from should be reversed, with costs, save that, to the extent of staying the suit at law until the respondents shall have reasonable opportunity for presenting equitable grounds for the rescission, on reasonable terms, of the order for delivery, it may stand.

Decree unanimously reversed.