MASSACHUSETTS BONDING AND INSURANCE COMPANY
*v.* STATE OF INDIANA, EX REL. BLACK ET AL.

[No. 10,267. Filed April 28, 1920. Rehearing denied October 7, 1920. Transfer denied June 2, 1921.]

1. HIGHWAYS.—*Establishment.—Contractor's Bond.—New Bond. —Validity.*—Where bidders on a road contract first filed a bond with personal surety, which was approved by the board of county commissioners, they could, after being awarded the contract, furnish a new bond with corporate surety, which bond would be a valid obligation, and no action by the board of county commissioners approving it was necessary as between the contractors and surety company or between the surety company and laborers or materialmen protected by such bond. p. 19.

2. PRINCIPAL AND SURETY.—*Corporate Surety.—Powers of Surety Company.—Presumption.*—In an action on a contractor's bond executed by a surety company, where the record shows that the bond was executed by the company through its attorneys-in-fact, attested by its seal, etc., the court must presume that the company, under its charter was authorized to do a surety business and execute bonds such as the one in suit. p. 20.

3. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer.* —Error in sustaining a demurrer to an answer is harmless where the matters alleged therein are provable under the general denial. p. 21.

4. PLEADING.—*Answer.—General Denial.—Proof of Lack of Consideration.*—In an action on a road contractor's bond, where the complaint alleged payment of a valuable consideration by the contractors to defendant surety company for the execution of the bond in suit, matter in denial thereof was admissible under the general denial. p. 21.

Massachusetts, etc., Ins. Co. *v.* State, ex rel.—76 Ind. App. 16.

5.  PRINCIPAL AND SURETY.—*Contractor's Bond.*—*Nonpayment of Premium to Surety Company.*—*Liability of Surety.*—A surety company cannot avoid liability on a contractor's bond executed by it because the contractor failed to pay the premium. p. 21.
6.  APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —In an action against a surety company on a contractor's bond executed by it, the admission in evidence of certain records which might have been excluded as being immaterial, not being essential to plaintiff's case, *held* harmless to defendant. p. 22.

From Martin Circuit Court; *James W. Ogden,* Judge.

Action by the State of Indiana, on the relation of James Black and others, against the Massachusetts Bonding and Insurance Company. From a judgment for relator, the defendant appeals. *Affirmed.*

*Bailey & Young* and *H. G. Houghton,* for appellant.
*Frank E. Gilkinson,* for appellees.

ENLOE, J.—This suit was brought by James Black, as relator, upon a contractor's bond, executed by the appellees Case and Fentress, as principals, and by appellant as surety thereon.

The complaint was in one paragraph, to which the appellant unsuccessfully demurred. It then filed answer in six paragraphs, to the third, fourth, fifth and sixth of which demurrers were sustained. A reply in general denial to the second paragraph of answer closed the issues, which were submitted to the court for trial, resulting in a finding and judgment in favor of said relator. Its motion for a new trial having been overruled, appellant prosecutes this appeal and has assigned error which require a consideration of the questions herein determined.

Appellant first insists that the complaint was insufficient, because it failed to show any consideration for the execution of the bond in suit.

The complaint alleged: "That the said Fentress and Case paid the defendant surety company a valuable con-

sideration for its execution of said bond." It also alleged that plaintiff, "relying upon said bond did work and labor for said defendants, Fentress and Case," in the construction of said road. The bond, which as an exhibit was made a part of the complaint, also recites that, "the Board of Commissioners of Martin County have let a contract  *  *  *;" and the complaint alleges that "said contract was entered into December 6th, 1915," while the bond in suit appears to have been executed by appellant December 30, 1915, and approved by the board of commissioners February 7, 1916.

The position and claim of the appellant in this case may be fairly stated to be as follows: That as it appears that the board of commissioners of Martin county had, on December 6, 1915, duly let the contract for the construction of the public highway in question, to said Fentress and Case, and as the statute governing such letting of contracts requires that a bond, conditioned as the bond in suit, shall accompany such bid; and as the board of commissioners had no power or authority to let, or award such contract to any bidder, unless his bid was accompanied by such bond, it therefore follows, by necessary inference, that said Fentress and Case, had filed such bond, to the approval of said board of commissioners, prior to the time of the letting of such contract on December 6; and that, as no necessity is shown why the said Fentress and Case should file any new or additional bond, the original bond so filed with said bid, and approved by said board of commissioners, still remains as the construction bond in this case, and that the bond given by appellant was therefore without any consideration and void; that it was not required by law, and that the said board of commissioners had no authority to accept, or approve the same and that therefore their acts in this behalf were without legal force and effect.

In the presentation of this case, on oral argument, counsel for appellee, Black, admitted that a bond was filed by said Fentress and Case, at the time they filed their bid for the construction of said road, and that said bond was duly approved by said board of commissioners, but he insists that these facts are of no controlling importance in this case.

This case is illustrative of a practice which it seems is becoming common in this state—the practice of bidders on public work, for the purpose of saving the premium on the bond in case they should not be the successful bidder, of filing a bond with personal surety and then, if successful, and such work for which they bid should be awarded to them, of giving a surety company bond to cover the proposed work, with the idea that such bond, when approved by said board, shall in all things take the place of the personal bond by them so filed with their said bid.

If the contractors, Fentress and Case, after the said contract had been awarded to them, for any reason desired to procure a new bond, and thereby relieve

1. their former bondsmen from any liability to answer for their failure to pay for labor and materials furnished to them on account of said construction contract, we know of no statute or rule of law preventing such action, or which would render such bond so taken void. In such case, as between the contractors and such new surety, or between such surety and the labor or materialmen, the bond being otherwise sufficient, any action by the board of county commissioners approving said bond, would be entirely unnecessary, and, as between said parties above named, would in no way change the legal effect of said bond.

The bond in suit was executed by the appellant company, by Frank S. Clark and Walter G. Holt, its attor-

20 APPELLATE COURT OF INDIANA,

Massachusetts, etc., Ins. Co. v. State, ex rel.—76 Ind. App. 16.

neys-in-fact, and attested by the seal of said cor-
2. poration. Said bond is also accompanied, as a
part thereof, by the affidavit of Frank S. Clark
·and Walter G. Holt, wherein they swear that they are
the attorneys-in-fact of such appellant company; that
the seal attached to said bond is the seal of appellant
company; and that they, said Clark and Holt, have
signed said bond for said company, as its attorneys-in-
fact in accordance with a resolution passed by the board
of directors of appellant company, at a meeting held
at the home office of said company in Boston, Massa-
chusetts.

With these facts in the record before us, we must
presume that what the board of directors of the appel-
lant company authorized, or directed to be done, was
within the power of the company to do; in other words,
that the appellant, under its charter, was authorized to
do a surety business and execute bonds, such as the one
in suit.

Whether the bond in suit in this case is so expressly
conditioned as to relieve the sureties on the former bond
from all liability, is not before us in this case; neither
is the question of the liability of said former sureties
for any default by Fentress and Case, as the same
might affect said county, before us, and we therefore
express no opinion as to the sufficiency of said bond,
as to either of the above mentioned situations, but ex-
pressly limit our decision to the facts as shown upon
the record before us. ·

The court did not err in overruling the demurrer to
said complaint.

It is next insisted that the court erred in sustaining
appellee Black's demurrer to the third, fourth, and
sixth paragraphs of appellant's answer.

The third paragraph of answer was a plea of no con-
sideration, and in form, was sufficient; the fourth para-

MAY TERM, 1921. 21

Massachusetts, etc., Ins. Co. *v.* State, ex rel.—76 Ind. App. 16.

graph of answer alleged that: "No consideration of any nature, kind or character was paid for the execution of said bond *by* the Massachusetts Bonding and Insurance Company"; and the sixth paragraph of said answer proceeded upon the theory that as a bond had been filed by said Fentress and Case with their bid, and said bond had been approved by said board of commissioners, and said contract awarded thereon, there was no warranty or authority of law upon the facts pleaded for the giving of the bond in suit, the same having been approved more than sixty days after said contract had been awarded, and the same duly entered into, and that said bond was therefore void.

While the said third paragraph of answer was sufficient in form, as an answer of no consideration, yet, unless appellant was harmed, as to its defense, by the sustaining of said demurrer, he cannot complain. The complaint alleged the "payment of a valuable consideration" by Fentress and Case, to appellant for its execution of said bond. This fact having been alleged in the complaint, matter in denial thereof was admissible under the general denial. *Butler* v. *Edgerton* (1860), 15 Ind. 15; *Nixon* v. *Beard* (1887), 111 Ind. 137, 12 N. E. 131; *Horn* v. *Lupton* (1914), 182 Ind. 356-368, 105 N. E. 237; *Smith* v. *Frantz* (1915), 59 Ind. App. 260, 109 N. E. 407. Appellant was not harmed by the sustaining of said demurrer to its third paragraph of answer.

Neither did the court err in sustaining the demurrer to said fourth paragraph of answer. Assuming that the word "by" as used in said paragraph was an inadvertence, still said paragraph was not a sufficient answer. In Stearns, Suretyship (2d ed.) §236, it is said: "The surety cannot evade liability to the creditor because the principal fails to pay the premium, neither can the contract be revoked on that

22      APPELLATE COURT OF INDIANA,

Massachusetts, etc., Ins. Co. *v.* State, ex rel.—76 Ind. App. 16.

account." There was no error in sustaining the demurrer to the said fourth paragraph of answer.

For the reasons hereinbefore stated in passing upon the sufficiency of the complaint, it follows that the court did not err in sustaining the said demurrer to the sixth paragraph of appellant's answer.

Appellant contending that the entire transaction of the giving of the bond in question was void, cites a number of authorities to the point that in such cases there can be no estoppel, but as we have held, that as between the principals and the appellant the bond in question was not void, and that laborers and material men are within the protection of said bond, the authorities cited are not in point.

Appellant next contends that the court erred in overruling its motion for a new trial because, (1) The finding was not sustained by sufficient evidence; and (2) error in admitting certain evidence over objection of appellant.

In support of the first of the above propositions the appellant in the brief filed herein says: "The bond of appellant sued upon herein * * * was not read in evidence. There was no basis for a judgment against this appellant."

An examination of the transcript of the record in this case discloses that counsel is in error. It shows that the bond in suit was read in evidence.

The appellant also complains that certain records were wrongfully admitted in evidence over its objection. In the view we take of this case, as to the purpose and legality of said bond, as hereinbefore expressed, upon the record before us, the records objected to might have been excluded, as not being material under the issues, the bond having been read in evidence, and which bond contained, among others, the following statement: "Whereas, the Board

of Commissioners of Martin County, Indiana, have let a contract for the improvement and construction of the road in Center Township, * * *, and the above named Fentress and Case have entered into a contract with said Board of Commissioners for said work, now if" etc. This statement in the bond was, in effect, an admission by the appellant, that the necessary steps had been taken by said board in the matter of the establishing of said road and the letting of the contract for the improvement of the same. The said bond being in evidence, under the issues as formed herein, it was not necessary that said records should have been offered and placed in evidence. But, while the introduction of said records in evidence, was not necessary in this case, such introduction could in no way have harmed the appellant.

The finding of the court is sustained by the evidence. We find no error in the record to the prejudice of appellant, and the judgment is therefore affirmed.