AMELIA SANTOS v. OSCAR ANDERSON ET AL.

Decided July 26, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Irving Siegler*.

For the respondent, *Michael J. Bruder*.

PER CURIAM.

This suit was instituted by the plaintiff on February 15th, 1927, to recover damages from one Anderson, her claim being based upon the alleged fraud of the latter. An order for a *capias* was issued against Anderson, and Morris Le Vor and Isadore Kaplan became the sureties on the defendant's bond. By the terms thereof, they agreed that if the plaintiff should recover against Anderson and the latter should fail to pay the costs and condemnation of the court, he would render himself into the custody of the sheriff of Essex county; and that, upon his failure to do so, they would pay the costs and the condemnation, or else would render him into the custody of the sheriff. No answer was filed by Anderson to the suit, and judgment by default was entered against him. The court issued a rule to show cause against the sureties requiring them to bring in the body of the defendant Anderson or become amerced. A hearing was had on the return of this rule, at

which the sureties were present, with their counsel, and as a result thereof the rule was made absolute and the sureties were amerced in the amount of the judgment. A few days later this rule was amended by providing that the bail deliver the body of Anderson into the custody of the sheriff or cause new and sufficient bail to be put in and approved in a short day, therein specified, and amercing them in the amount of the bond in the event of their failing to comply with this mandate. They paid no attention to this procedure, and the rule of amercement was thereupon confirmed. From this rule of confirmation the present appeal is taken by Le Vor and Kaplan, the sureties on the bond.

The principal ground upon which the rule of amercement is attacked is that the proceedings against the bail were not justified under section 76 of the Practice act of 1903. This criticism is directed at the original rule of amercement and the subsequent amendment thereof. Assuming that this contention is well founded, we consider that it would not justify a reversal of the rule under review, for the reason that it becomes immaterial, in view of the fact that a writ of inquiry was thereafter issued and returned, and that final judgment was thereupon entered against the sureties and that these latter steps were in strict accordance with the provision of the statute relating to forfeiture of bail. This being so, section 27 of the Practice act of 1912, which provides that no judgment shall be reversed for error as to matters of procedure unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party, is a bar to a reversal upon the ground urged.

It is further argued that our statute relating to bail violates the fourteenth amendment of the federal constitution, so far as it applies to the present case, because it deprives the appellants of their property without due process of law; and that it is also violative of our own constitution in that it deprives the defendants of a right to trial by jury. We find nothing of merit in either one of these contentions, and consider that the argument in their support is without substance.

The rule of amercement will be affirmed.