This is an application by the petitioner to have the ne exeat
bond forfeited and to require the surety to pay the penal amount of said bond into court so that it can be disbursed in accordance with the orders of this court. I think that her petition should be granted. This court will retain proceedings to enforce liability under its orders. Warren v. Warren, 92 N.J. Eq. 334;Elliott v. Elliott, 36 Atl. Rep. 951.
The bond was given on November 14th, 1912, by John C. Vahjen and John Handwerk and was made to Nicholas P. Wedin, sheriff of Hudson county, in the sum of two thousand dollars ($2,000). It is the usual ne exeat bond. The condition of the bond is as follows:
"Now the condition of this obligation is such that if the said John C. Vahjen shall cause his appearance to be entered in the said suit and to continue such appearing by a solicitor of the court of chancery residing in the State of New Jersey, and shall at all times render himself amenable to the orders and process of said court pending such suit and to such process as shall be issued to compel the performance *Page 272 
of the final decree therein and shall appear before said court or any officer thereof when so required by the order of said court, then this obligation to be void, otherwise to remain in full force and virtue."
The petition for divorce was filed January 29th, 1912. The final decree was made in the cause on the 15th day of April, 1913, dismissing the petition of the petitioner and ordering the defendant to pay petitioner five dollars ($5) a week as alimony under the decree and a counsel fee of six hundred dollars ($600), besides the costs of suit, which counsel fee and costs were to be paid at the rate of twenty-five dollars ($25) a month, and said decree was duly served upon the defendant.
The defendant defaulted in the payments under the decree, and petitioner proceeded against him for contempt. On the 12th day of May, 1914, an order was made in the cause adjudging the defendant guilty of contempt of court, but the court allowed him to purge himself of contempt if he would pay petitioner five dollars ($5) a week as alimony and ten dollars ($10) a week on account of the counsel fee, to commence at that time and to keep up said payments.
The defendant made one payment of fifteen dollars ($15) on account of said alimony and counsel fee on the 16th day of May, 1914; another payment of fifteen dollars ($15) on the first day of June, 1914, and a third payment of fifteen dollars ($15) on the 15th day of June, 1914, when he again defaulted in his payments and petitioner was obliged to again proceed against him to have him committed for contempt of court under the order of May 12th, 1914.
On the 20th day of August, 1914, another order was made in the cause wherein it was ordered and adjudged that the defendant should stand committed to the county jail of Hudson until he should pay the costs of the proceedings to be taxed, a fine of five dollars ($5) for the use of the State of New Jersey, and until he should have purged himself of said contempt by paying to petitioner the sum of one hundred and eighty-five dollars ($185), the alimony due under the decree of April 15th, 1913, and the amount *Page 273 
due as counsel fee and costs up to that time, viz., three hundred and twenty dollars ($320), amounting in all to the sum of five hundred and five dollars ($505), unless this court should see fit sooner to discharge him.
The defendant being outside of the jurisdiction of this court, the petitioner moved to forfeit the bond in ne exeat and the court again allowed the defendant to purge himself of said contempt by paying the costs of the proceeding, five dollars ($5) for the use of the State of New Jersey, and the alimony and counsel fee due under the order of May 12th, 1914, up to the 8th day of September, 1914, in all amounting to the sum of three hundred and thirty-one dollars and four cents ($331.04). The defendant, in pursuance of the order, paid to petitioner the sum of three hundred and thirty-one dollars and four cents ($331.04) on the 15th day of September, 1914, which paid up said alimony and counsel fee under the order of May 12th, 1914, to the 8th day of September, 1914.
On the 3d day of November, 1914, Vahjen again being in default in the payments of maintenance due, the petitioner again applied to this court for an order to show cause why a warrant should not issue for the arrest of Vahjen under the order adjudging him in contempt made the 12th day of May, 1914. Vahjen then again commenced making payments through his cousin, Arthur A. Ludemann, and continued to do so until the 1st day of March, 1917, since which time he has failed to make any payments whatever and is now in arrears in payment of maintenance to the extent of one thousand four hundred and seventy dollars ($1,470).
On the 14th day of December, 1919, Vahjen committed the crime of bigamy at the borough of Manhattan, in the city of New York, county and State of New York, and was convicted thereof at a trial term in part eighteen of the supreme court of the State of New York in the first judicial district on Monday, the 24th day of April, in the year 1922, and was sentenced to imprisonment in the state prison in New York at hard labor for the term of not less than two years and not more than four years, as appears by an *Page 274 
exemplified copy of said record of conviction and sentence produced and offered in evidence at the hearing on this petition.
Since Vahjen's liberation from prison, neither the petitioner nor the bondsmen have been able to ascertain his whereabouts, and therefore it is impossible to serve him with process to enforce the final decree entered in this cause. It appears that he has absconded and the wife is not barred in endeavoring to enforce her lien.
An order may accordingly be entered.