ELEANOR S. MILES, RESPONDENT, v. WILLIAM R. MILES, GEORGE H. MILES AND ROBERT M. MILES, APPELLANTS.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellants, *Schlosstein & Turkel.*

For the respondent, *Lum, Tamblyn & Colyer* (*William A. Wachenfeld,* of counsel).

The opinion of the court was delivered by

LLOYD, J.   The action was on a bond given by the defendants to the plaintiff in the sum of $5,000, the condition of which was that—

"If the said William R. Miles shall return the said infant children, Edward Souther Miles and Sally Miles, to the home of the said Eleanor S. Miles each and every time he shall take them into his custody according to the terms of said decree of May 1st, 1923, then this obligation to be void, otherwise to remain in full force and virtue."

Preceding this was a preamble reciting that the Court of Chancery had ordered that the defendant William R. Miles be permitted to take his children into his custody on Saturday of each week at ten o'clock in the morning and return them to his wife the next day, Sunday, at five-thirty o'clock in the afternoon of each week, and further to take them into his custody and keep them from August 1st to September 15th, of each year, when he was to take them to his wife's home.

Failure to return one of the children in accordance with the terms of the bond was alleged as a breach of the obligation assumed by the defendant.

A verdict was directed by Judge Porter in favor of the plaintiff in the amount of the bond with interest against George H. Miles, who alone had been served with a summons.

Several grounds are urged for reversal.   The first two refer to the alleged insufficiency of the complaint.   The complaint alleged the giving of the bond and that the defendant took his daughter, Sally Miles, into his custody and failed and refused to return her into the custody of the plaintiff in accordance with the decree of the Court of Chancery.   To this on demand of the defendant a bill of particulars was

filed setting forth that on December 25th, 1928, the defendant William R. Miles took his daughter, Sally, into his custody and refused to return her to the custody of the plaintiff in accordance with the bond. At the opening of the trial the defendant's counsel moved to strike out the complaint on the ground that it set forth no cause of action. This motion was denied and exception noted to the action of the court. The case then proceeded along the lines of a violation of the terms of the bond as the issue involved in the case, and we think the appellant suffered no injury by the refusal of the court to strike out the complaint.

The remaining grounds are that the court erred in refusing to direct a nonsuit at the conclusion of the plaintiff's case and in directing a verdict for the plaintiff at the end of the entire case.

It is urged in support of the contention that the nonsuit should have been granted, that the proofs established that the daughter voluntarily left her mother's home and went to the home of the defendant in Long Island, where she remained beyond the period of time specified in the bond. From this it was contended that the father had not taken his daughter into his custody on any day, much less on a Saturday, and in consequence he was under no obligation to return her.

This is too narrow a construction of the obligation of the bond. Undoubtedly he took her into his custody and harbored her, whether she came voluntarily or forcibly, and it was unimportant that the beginning of this custody should be on a Saturday or any particular day. Regardless of when received by him it was his duty to return her according to the terms of the bond. This he did not do and the result was the forfeiture of the bond itself.

The proof of the bond and its breach presented a case where the penal sum specified therein together with interest became due and payable, and the learned trial judge was right in directing a verdict in that amount for the plaintiff at the hands of the jury.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.