29 N.J. Super. 351 (1953)
102 A.2d 642
HARRY BEEKWILDER, PLAINTIFF,
v.
IDA BEEKWILDER AND JACOB L. BEIDLER, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1953.
Decided December 14, 1953.
*354 Before Judges CLAPP, GOLDMANN and EWART.
Mr. David G. Smith argued the cause for the defendant-respondent Ida Beekwilder (Mr. Arnold M. Smith, attorney).
Mr. Louis C. Friedman argued the cause for the appellant surety.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This appeal is from orders of the Superior Court, Chancery Division, summarily enforcing a bond given in a matrimonial cause.
Harry Beekwilder and Ida Beekwilder were divorced in Florida, and he then brought an action against her in the Superior Court here, apparently under N.J.S.A. 9:2-1, for the custody of their children. By the final judgment in the action, he was given custody of the children from September 15 to June 15 each year and ordered to deliver them to Ida within one week after June 15, whereupon she was to have custody of them until September 15. To secure his obedience to these terms, he, a resident of Florida, was required by the judgment to post a bond, with surety, in the penal sum of $2,000. In June 1953 he failed to deliver the children, and a motion for the forfeiture of the bond being made in the custody action, the court ordered the surety on the bond to pay the penal sum to the attorney for the defendant. The surety appeals.
First, it is urged here that the bond can be prosecuted only in a plenary action at law. That is a question upon which the law, except with respect to ne exeat bonds, has been unsettled for some 75 years, and it imposes upon us the task of examining closely what may seem to be a tangle of authority.
Chancellor Runyon, in a dissenting opinion dealing with injunction bonds, expressed the view that the Court of Chancery could summarily enter judgment upon all bonds given in the course of Chancery practice. See New York & Long Branch R.R. Co. v. Dennis, 40 N.J.L. 340, 372 *355 (E. & A. 1878), disapproving Vice-Chancellor Van Fleet's decision in Easton v. New York & Long Branch R.R. Co., 26 N.J. Eq. 359 (Ch. 1875). The pronouncement of the Chancellor led the vice-chancellor in Easton v. New York & Long Branch R.R. Co., 30 N.J. Eq. 236 (Ch. 1878), to reverse his earlier stand; and though this last case was itself reversed upon other grounds in Brown v. Easton, 30 N.J. Eq. 725, 731 (E. & A. 1879), the present question was left open.
Chancellor Runyon applied his views to other cases having to do with injunction bonds. See Green v. Philadelphia Freestone & Granite Co., 26 N.J. Eq. 443 (Ch. 1875); Cook v. Chapman and Cook, 30 N.J. Eq. 114 (Ch. 1878), cf. 41 N.J. Eq. 152 (Ch. 1886); cf. Smith and Martin v. Kuhl and Hewitt, 26 N.J. Eq. 97 (Ch. 1875). Dicta to the contrary will be found in our reports. Elliott v. Elliott, 36 A. 951 (N.J. Ch. 1897) and Schreiber v. Schreiber, 85 N.J. Eq. 303 (Ch. 1915), affirmed on other grounds 86 N.J. Eq. 437 (E. & A. 1916). However these dicta depend, for their authority, upon the first opinion of Vice-Chancellor Van Fleet in Easton v. New York & Long Branch R.R. Co., 26 N.J. Eq. 359 (Ch. 1875), supra, which, as stated, he himself later reversed.
There is a line of distinguished authority in the federal courts relative to injunction bonds, which is altogether in agreement with the views of Chancellor Runyon. The leading case is Russell v. Farley, 105 U.S. 433, 26 L.Ed. 1060 (1882) wherein the court refused to follow the cases of Bein v. Heath, 12 How. 168, 53 U.S. 168, 179, 13 L.Ed. 939 (1851, Taney, C.J.) and Merryfield v. Jones, Fed. Cas. No. 9 486, 2 Curt. 306 (C.C. 1855), the very cases upon which Vice-Chancellor Van Fleet in his first opinion depended for authority. The practice in other jurisdictions, as laid out in statutes, rules or otherwise, is similar. 43 C.J.S., Injunctions, § 283a, p. 1060 et seq.; Ann. Cas. 1918C 97; 2 Daniell, Chancery Pleading and Practice [*]1666 (6th Am. ed. 1894).
It is important to observe that under these cases having to do with injunction bonds  that is, under Easton v. New *356 York & Long Branch R.R. Co., 30 N.J. Eq. 236 (Ch. 1878), supra (V.C. Van Fleet's second case), and also under the federal and certain other cases  the injunction bond may be prosecuted summarily in the equitable proceeding in which it is given, even though it does not contain a provision authorizing such practice. See Chancery Rule 46 as promulgated in 1853 (cf. Rule 218, 1938 edition, Rules of former Court of Chancery  there is no such rule today), which required such a provision to be inserted in an injunction bond. See also Easton v. New York & Long Branch R.R. Co., 26 N.J. Eq. 359 (Ch. 1875), supra; Dickinson's Chancery Precedents, 301-308 (rev. ed. 1894); 4 New Jersey Practice (Marsh and Vogel), Forms, § 1827; cf. Smith v. Day, 21 Ch. Div. 421 (C.A. 1882); Griffith v. Blake, 27 Ch. Div. 474 (C.A. 1884); 18 Halsbury's Laws of England (2nd ed. 1935), 116; cf. also R.R. 1:4-9.
With respect to a ne exeat bond, Chancellor Runyon's views are now fully accepted in this State. The law is now that the sureties on such a bond, by their signatures thereon, make themselves parties to the cause for all purposes connected with the bond. Schreiber v. Schreiber, 85 N.J. Eq. 303 (Ch. 1915), affirmed (but without passing on this point) 86 N.J. Eq. 437 (E. & A. 1916), supra. Upon a motion in the cause, the court may declare the bond forfeited and direct the sureties to pay the penalty thereof into court. Wauters v. Van Vorst, 28 N.J. Eq. 103 (Ch. 1877, Runyon C.); Elliott v. Elliott, 36 A. 951 (N.J. Ch. 1897), supra; Schreiber v. Schreiber, supra; Penny v. Penny, 88 N.J. Eq. 160 (Ch. 1917); Vahjen v. Vahjen, 105 N.J. Eq. 271 (Ch. 1929), affirmed 107 N.J. Eq. 186 (E. & A. 1930); Connolly v. Connolly, 112 N.J. Eq. 434 (Ch. 1933), affirmed Connolly v. Guardian Casualty Ins. Co., 115 N.J. Eq. 74 (E. & A. 1933); but cf. Drum v. Drum, 69 N.J.L. 557, 558 (Sup. Ct. 1903).
The generality of Chancellor Runyon's proposition as to bonds posted in the course of Chancery practice, might seem to be opposed by Elliott v. Elliott, 36 A. 951 (N.J. Ch. 1897), supra. There the court deals with a bond in a separate *357 maintenance action, given to secure the payment of support money. However, that decision (as already noted) depends for its authority upon Vice-Chancellor Van Fleet's first opinion, Easton v. New York & Long Branch R.R. Co., 26 N.J. Eq. 359 (Ch. 1875), supra, which the vice-chancellor himself later rejected. We do not deal here with the bond of a fiduciary or a receiver.
Beyond the authorities above examined, we must heed the injunction of our Constitution, Art. VI, Sec. III, par. 4, relative to the Superior Court, requiring "legal and equitable relief" to "be granted in any cause so that all matters in controversy between the parties may be completely determined." In keeping with the spirit of this overriding provision, if not, indeed, in obedience to its letter, the liability of the surety on the bond before us should be determined in the cause in which the bond was posted. In that way the dispute is disposed of with efficiency, that is, without the delays and expense imposed by a relitigation of matters well known to the court requiring the bond. So, with these forcible considerations in mind, we are persuaded that Chancellor Runyon's rule, obtaining as to a ne exeat bond, and supported by strong authorities in the United States Supreme Court in connection with an injunction bond, should be applied, as well, to the bond now before the court.
But it is said that the surety is thereby deprived of his right to trial by jury. This raises the second question. The summary practice as to ne exeat bonds is too well settled in this State to suppose at this date that such a matter as this has been overlooked. The practice on such bonds may be likened to a summary proceeding under our statute for the amercement of sureties on a capias bond given at law. Cf. Gault v. Gault, 112 N.J. Eq. 41 (Ch. 1932); Schreiber v. Schreiber, 85 N.J. Eq. 303, 307 (Ch. 1915), affirmed on other grounds, 86 N.J. Eq. 437 (E. & A. 1916), supra. And in connection with such an amercement, it has been held that the surety has no right to trial by jury. Santos v. Anderson, 6 N.J. Misc. 799 (Sup. Ct. 1928), affirmed 106 N.J.L. 596 (E. & A. 1929).
*358 Nor, under the federal practice, is a jury trial required where a proceeding is brought against sureties on an appeal bond to enforce, summarily in the cause, their liability on the bond. Dealing with that practice, Justice Brandeis has held that "the constitutional right of trial by jury presents no obstacle." In this matter, Justice Brandeis depended for authority upon the line of federal cases permitting like summary proceedings against sureties on injunction bonds. Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 37 S.Ct. 283, 61 L.Ed. 715 (1916).
Indeed, whenever a bond is required in an equitable cause, the summary award of money damages on the bond is incidental to the cause. Equity having taken jurisdiction over the cause, will dispose of its incidents, including purely legal matters, and so put an end to further litigation. In such a case, upon familiar principles, there is no right to trial by jury. Carpenter v. Fisher, 68 N.H. 486, 38 A. 211 (Sup. Ct. 1896); Pease v. Rathbun-Jones Engineering Co., supra; Steiner v. Stein, 2 N.J. 367, 374, 380 (1949).
The third major question goes to the propriety of those parts of the orders appealed from, that require payment of the penal sum to be made to the attorney for the defendant. The obligee of the bond before us is the State of New Jersey, though by the terms thereof the penalty is made payable to the State "or its assigns." Under the usual practice, the obligee in a ne exeat bond is the sheriff. Dickinson's Chancery Precedents (rev. ed. 1894), 312, 313; 12 New Jersey Practice (Herr, Marriage, Divorce and Separation), § 1662. In an injunction bond, it is the defendant. Dickinson, id., 301; Chancery Rule 218 (Chancery Rules, 1938 edition), supra; 4 New Jersey Practice (Marsh and Vogel, Forms), § 1827. In an alimony or maintenance bond, it may be the adverse party (see Child, New Jersey Divorce (1929), 527, and cf. semble Elliott v. Elliott, 36 A. 951 (N.J. Ch. 1897), supra); or it may be the Superior Court (10 New Jersey Practice (Herr, id.), § 424). In a supersedeas bond, it is the respondent. Rules of Civil Procedure (1953), Official Form 51. In a bond of an executor, administrator, *359 guardian or trustee where there may be a number of persons looking to the bond for security, it is the Superior Court. N.J.S. 3A:7-1. Likewise in a receiver's bond, it is the Superior Court. Marsh and Vogel, supra, § 1875.
In a bond such as the one before the court, the obligee is sometimes the adverse party in the cause (Miles v. Miles, 108 N.J.L. 496 (E. & A. 1931)), sometimes the court (or, formerly, the Chancellor, Child, New Jersey Divorce (1929), 538), or sometimes the State. However such a bond is not designed  as in the case of certain of the bonds stated  merely to secure the adverse party against such damages as he or she may sustain. The bond, in part, serves that purpose it is true; but as to the balance, it serves rather to vindicate the authority of the court. So where, upon a default, the court orders the penalty to be paid into court and the amount so paid exceeds the damages sustained by the adverse party by reason of the default, the excess belongs to the State and is rather in the nature of a fine. Hence a bond, such as the one before us, should, we think, run to the Superior Court.
Over the years a considerable number of these bonds have been improperly made out to the State; and in recent times the practice has been for the State Treasurer to assign them over, on the advice of the Attorney-General, "as a practical matter," to an adverse party or (as was done here) to his attorney. Clearly no such assignment should or need be secured. Besides, contrary to appellant's suggestion, the State should not be joined as a party to the enforcement proceedings.
With respect to the bond here, the surety is directed to pay the entire penal sum into court. Out of this sum Mrs. Beekwilder is entitled to, not a windfall, but merely the damages, if any, actually sustained by her by reason of the plaintiff's default. Cf. Nelson v. Sanderson, 285 Mass. 583, 189 N.E. 792 (Sup. Jud. Ct. 1934), dealing with a ne exeat bond. These considerations were not dealt with in Miles v. Miles, 108 N.J.L. 496 (E. & A. 1931), supra, a *360 case decided under the practice obtaining at law before the integration of our courts of equity and law.
The remaining points of the case may be disposed of quickly. The fact that the principal has not paid the premium on the bond does not furnish the surety with a defense in this proceeding brought to collect on the bond. Massachusetts Bonding & Ins. Co. v. State, 76 Ind. App. 16, 127 N.E. 223 (App. Ct. 1920). In fact no such defense was urged below. The arguments that the procedure here was without due process and amounted to an impairment of the obligations of the surety's contract are without any merit.
It is said that execution cannot issue because an abstract of the judgment specified in N.J.S. 2A:16-19, was not properly entered. The fact that an abstract is not properly entered has to do with the matter of a lien, but it does not affect the issuance of execution. N.J.S. 2A:16-18.
The orders below are modified so as to require the surety to pay into court the entire penal sum, and the court may then pay therefrom such actual damages, if any, as may be proved to have been sustained by the defendant by the breach of the condition of the bond, together with a reasonable fee, R.R. 4:55-7 (b), for the services of the attorney prosecuting the bond.